**TRACY–BURKE ASSOCIATES, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Industrial Commission of Utah, and Karen A. Westlund, Defendants.**

**No. 20091.**

Supreme Court of Utah.

Feb. 1, 1985.

---

**5.** *Massey v. Haupt,* Utah, 632 P.2d 824, 826 (1981).

Tracy-Burke Associates, pro se.

K. Allan Zabel, Salt Lake City, for defendants.

PER CURIAM:

This petition for writ of review challenges an unemployment compensation award under the "equity and good conscience" clause of U.C.A., 1953, § 35–4–5(a). Without addressing the merits of plaintiff's contentions, we are constrained to dismiss the petition due to plaintiff-corporation's improper attempt to represent itself.

Throughout this case, plaintiff has been represented by Linda Tracy. Her status as a non-lawyer was not questioned in the proceedings before the Industrial Commission, but when she filed for judicial review she was told that a corporation cannot appear *pro se* before this Court. She insisted that she could proceed, asserting that her business functions not as a corporation but as "Tracy & Burke," a partnership. Without addressing the implications of that assertion, it is clear that this dispute is between "Tracy-Burke Associates" and one of its former employees. Tracy-Burke Associates is a viable corporation registered in this state, a fact admitted by Ms. Tracy. At a hearing before the administrative law judge, it was established that Ms. Tracy is plaintiff's president and Carol Burke is its secretary-treasurer. Plaintiff in this action is clearly a corporation and not a partnership.

It has long been the law of this jurisdiction that a corporate litigant must be represented in court by a licensed attorney. The rationale of this rule was explained in *Tuttle v. Hi-Land Dairyman's Association*, 10 Utah 2d 195, 350 P.2d 616 (1960). In that case, we quoted with approval the following language of *Paradise v. Nowlin*, 86 Cal.App.2d 897, 195 P.2d 867 (1948):

A composite of the rule in the decided cases, overwhelmingly sustained by the authorities, may be thus stated: A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona.

(Citations omitted.) This is consistent with our statutes [1] and with the general law in other jurisdictions.[2]

Because plaintiff is a corporation not represented by a licensed attorney, its petition for writ of review must be dismissed. *So ordered.*

---

1. U.C.A., 1953, §§ 78–51–25 and –40.

2. *See* Annot., 19 A.L.R.3d 1073 (1968).