2007 UT App 25

**BLUFFDALE CITY, a Utah municipal corporation, Plaintiff and Appellee,**

v.

**Taylor SMITH, an individual; and Wallingford Development, Inc., a Utah corporation, Defendants and Appellants.**

No. 20051020–CA.

Court of Appeals of Utah.

Feb. 1, 2007.

David K. Smith, Midvale, for Appellants.

Dale F. Gardiner and Craig R. Kleinman, Parry Anderson & Gardiner, Salt Lake City, for Appellee.

Before GREENWOOD, Associate P.J., DAVIS and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 Defendants Taylor Smith and Wallingford Development, Inc. appeal the district court's order granting Plaintiff Bluffdale City's motion for summary judgment based on Defendants' failure to comply with rule 7(c)(3)(B) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 7(c)(3)(B). We affirm.

## BACKGROUND

¶ 2 On July 9, 2004, Plaintiff filed a complaint against Defendants alleging claims for breach of contract, promissory estoppel, and unjust enrichment. Plaintiff filed a motion for summary judgment on all alleged claims, together with a supporting memorandum and the affidavits of Shane Jones and Brent Bluth. Defendants filed an opposing memorandum with the affidavit of Taylor Smith. Defendants' opposing memorandum contained their own statement of the facts and an argument section. The argument section consisted of a brief statement of the law pertaining to summary judgment, as well as a list enumerating approximately six issues of fact that Defendants deemed disputed.

¶ 3 Plaintiff filed a reply memorandum arguing that summary judgment should be granted because Defendants failed to comply with rule 7(c)(3)(B). *See id.* Plaintiff asserted that Defendants failed to controvert the facts because Defendants' opposing memorandum did not contain a verbatim restatement of Plaintiff's stated facts, noting which fact or portion was disputed, and did not cite to any relevant materials, such as affidavits or discovery materials. The district court agreed that Defendants had failed to comply with the directives of rule 7(c)(3)(B). *See id.* The district court concluded that Plaintiff's arguments therefore remained unopposed,

accepted the facts as stated by Plaintiff, and granted Plaintiff's motion for summary judgment. Defendants appealed.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Defendants contend that the trial court erred in granting Plaintiff's motion for summary judgment because Defendants substantially complied with rule 7(c)(3)(B) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 7(c)(3)(B). Motions for summary judgment should be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c).

¶ 5 We review a district court's grant of summary judgment for correctness, affording no deference to the district court. *See Ford v. American Express Fin. Advisors,* 2004 UT 70, ¶ 21, 98 P.3d 15. "However, 'the trial court has discretion in requiring compliance with [rule 7 of the Utah Rules of Civil Procedure].'" *Gary Porter Constr. v. Fox Constr., Inc.,* 2004 UT App 354, ¶ 10, 101 P.3d 371 (quoting *Fennell v. Green,* 2003 UT App 291, ¶ 9, 77 P.3d 339), *cert. denied,* 123 P.3d 815 (Utah 2005).[1]

## ANALYSIS

¶ 6 Defendants assert that they substantially complied with rule 7(c)(3)(B) because the portions of Plaintiff's statement of facts that were in dispute were set forth in and controverted by the Smith affidavit attached to Defendants' opposing memorandum. Defendants maintain that the Smith affidavit is sufficient to raise genuine issues of material fact to defeat summary judgment.

¶ 7 Rule 7(c)(3)(B) states:

A memorandum opposing a motion for summary judgment shall contain a verbatim restatement of each of the moving party's facts that is controverted, and may contain a separate statement of additional facts in dispute. For each of the moving party's facts that is controverted, the opposing party shall provide an explanation of the grounds for any dispute, supported by citation to relevant materials, such as affidavits or discovery materials. For any additional facts set forth in the opposing memorandum, each fact shall be separately stated and numbered and supported by citation to supporting materials, such as affidavits or discovery materials.

Utah R. Civ. P. 7(c)(3)(B). Defendants admit that their opposing memorandum did not contain a verbatim restatement of each of Plaintiff's facts that they sought to contest. Thus, we must determine whether the trial court abused its discretion in admitting as uncontroverted the facts submitted by Plaintiff in support of its request for summary judgment, which were not addressed by Defendants in accordance with rule 7(c)(3)(B).

¶ 8 The district court's discretion in enforcing compliance with rule 7(c)(3)(B) has been addressed in several cases decided under the former but comparable rule 4–501(2)(B) of the Utah Rules of Judicial Administration. This court in *Fennell v. Green,* 2003 UT App 291, 77 P.3d 339, relying on the supreme court's ruling in *Lovendahl v. Jordan School District,* 2002 UT 130, 63 P.3d 705, held that the trial court did not abuse its discretion in deeming facts admitted due to noncompliance with rule 4–501(2)(B). *See Fennell,* 2003 UT App 291 at ¶ 8, 77 P.3d 339; *Lovendahl,* 2002 UT 130 at ¶ 50, 63 P.3d 705 ("[A]ll facts set forth in the movant's statement of facts are 'deemed admitted for the purpose of summary judgment unless *specifically* controverted by the opposing party's statement.'" (emphasis added) (quoting Utah R. Jud. Admin. 4–501(2)(B))).

¶ 9 Since then, the supreme court in *Salt Lake County v. Metro West Ready Mix, Inc.,* 2004 UT 23, 89 P.3d 155, declined to accept, for purposes of summary judgment and appeal, the facts as stated by the defendant based on the plaintiff's failure to comply

---

1. Both *Gary Porter Constr. v. Fox Constr., Inc.,* 2004 UT App 354, 101 P.3d 371, *cert. denied,* 123 P.3d 815 (Utah 2005), and *Fennell v. Green,* 2003 UT App 291, 77 P.3d 339, were decided under former rule 4–501(2)(B) of the Utah Rules of Judicial Administration. *See* Utah R. Jud. Admin. 4–501(2)(B) (2000 & 2002). The procedural content of rule 4–501(2)(B) is presently located in rule 7(c)(3)(B) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 7(c)(3)(B); *Gary Porter Constr.,* 2004 UT App 354 at ¶ 15 n. 2, 101 P.3d 371.

with rule 4–501(2)(B). In *Metro West,* the plaintiff's "opposing memorandum did not set forth disputed facts listed in numbered sentences in a separate section." *Id.* at ¶ 23 n. 4. However, the supreme court, in a footnote, ruled plaintiff's failure to comply with the technical requirements of rule 4–501(2)(b) to be harmless because "the disputed facts were clearly provided in the body of the memorandum with applicable record references." *Id.* Later, the supreme court in *Anderson Development Co. v. Tobias,* 2005 UT 36, 116 P.3d 323, acknowledged that the trial court had discretion to either grant summary judgment for noncompliance with rule 4–501 or to hear the motion on its merits. *See id.* at ¶ 21 n. 3 ("While the district court could have granted [the defendants'] motion for summary judgment on the basis of [the plaintiff's] noncompliance with rule 4–501, it exercised its discretion to address the motion on its merits. . . .").

¶ 10 Defendants maintain that this case is analogous to *Metro West,* and that their failure to include a verbatim restatement of the contested facts is merely a technical violation. Defendants assert that this failure, as in *Metro West,* was harmless because the disputed facts were set forth in and controverted by the Smith affidavit that was attached to the opposing memorandum. We disagree. This case is distinguishable from *Metro West.* Here, Defendants failed to provide the specific disputed facts together with applicable record references in the body of their opposing memorandum. The entire body of Defendants' opposing memorandum purporting to address the disputed facts is as follows:

1. The Plaintiff asserts that there is a breach of contract. No physical evidence has been produced to suggest that there was ever a written agreement between the parties that would require the Defendants would [sic] pay for water provided by the Plaintiff for the city's own parking strip.

2. The Plaintiff asserts that there was an implied contract to provide water service. Again, the Defendant, in his affidavit, denies that either he or Wallingford Devel-

opment, Inc. ever agreed verbally either implicitly or explicitly to pay for water provided by Bluffdale to the city's parking strip.

3. The Plaintiff attempts, by letter dated September 9, 1999, some three months after the water began to be supplied to the parking strip, to suggest that it implies that the [D]efendant[s] as alleged developers are responsible for the water "until each lot has its own irrigation system."

4. This was never agreed to by the Defendants, and in fact the Defendants deny that they agreed to such a proposal, and specifically allege they wrote to Bluffdale City advising them they were not going to be responsible for any water supplied to the city's parking strips.

5. The Defendants further aver in their affidavit, they were not owners of Heritage Industrial Park, nor signers of the Restrictive Covenants.

6. The Defendants further allege that there was a global settlement reached between SK Development and Bluffdale City on May 20, 2004[,] which renders the Plaintiff's lawsuit moot.

7. As to each theory for relief there remain issues of disputed fact to preclude any entry of summary judgment in favor of the Plaintiff.

¶ 11 The preceding passage readily demonstrates that Defendants' failure to comply with the requirements of rule 7(c)(3)(B) was not merely technical in nature and thereby harmless. Defendants' opposing memorandum, to the extent controverted facts were raised therein, did not include a coherent explanation of the grounds for the dispute as required by rule 7(c)(3)(B). *See* Utah R. Civ. P. 7(c)(3)(B). Nor did Defendants, with the exception of two nonspecific references to the Smith affidavit, provide supporting citations as the basis for any dispute of fact. Thus, we are unpersuaded that Defendants substantially complied with rule 7(c)(3)(B), and we conclude that the district did not abuse its discretion when it granted Plaintiff's motion for summary judgment based on Defendants' noncompliance with rule 7(c)(3)(B).[2]

2. Even had we determined that Defendants sub-     stantially complied with rule 7(c)(3)(B), we

## CONCLUSION

¶ 12 Defendants' opposing memorandum fails to substantially comply with rule 7(c)(3)(B) of the Utah Rules of Civil Procedure. Defendants' failures amount to more than a technical violation of the rule. Defendants do not provide an explanation of the basis for any dispute, nor do they provide appropriate supporting citations. Rather, Defendants' opposing memorandum contains only a separate statement of additional facts and a list of facts deemed disputed without further explanation or support. As a result, Defendants' opposing memorandum does not controvert each of Plaintiff's facts. Therefore, we conclude that the district court did not abuse its discretion when it enforced rule 7(c)(3)(B) by deeming Plaintiff's facts to be admitted. We affirm the district court's order granting summary judgment.

¶ 13 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and JAMES Z. DAVIS, Judge.

would still affirm the district court's order granting summary judgment on the alternate ground of unjust enrichment. To establish an unjust enrichment cause of action, Plaintiff must meet three elements:

First, there must be a benefit conferred on one person by another. Second, the conferee must appreciate or have knowledge of the benefit. Finally, there must be the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.

*Groberg v. Housing Opportunities, Inc.*, 2003 UT App 67, ¶ 21, 68 P.3d 1015.

Plaintiff, in its motion for summary judgment, maintained that Plaintiff had conferred the benefit of water services on Defendants' parking strip, and Defendants accepted and retained said services with knowledge and without compensation to Plaintiff. Defendants' opposing memorandum and attached affidavit both fail in their entirety to provide any evidence to dispute that Defendants (1) received water services from Plaintiff, (2) knew Plaintiff was supplying them with water services, and (3) retained the water. Although Defendants refer to the parking strip as the "city's parking strips," they do not provide any reasoned argument or evidence pertaining to ownership of the parking strip, nor do they deny receiving and benefitting from the water services. Thus, because Defendants failed to present evidence sufficient to raise a factual dispute regarding any element of unjust enrichment, they would not have been able to defeat summary judgment on Plaintiff's unjust enrichment claim.