IN THE UTAH COURT OF APPEALS

----ooOoo----

Monavie, LLC,                              )        PER CURIAM DECISION
                                           )
        Plaintiff and Appellee,            )        Case No. 20110522-CA
                                           )
v.                                         )        F I L E D
                                           )        (May 10, 2012)
Spencer Iverson and Floyd Williams,        )
                                           )        ┌─────────────────┐
        Defendants and Appellants.         )        │  2012 UT App 141 │
                                                    └─────────────────┘

-----

Third District, Salt Lake Department, 110904113
The Honorable Tyrone E. Medley

Attorneys:     Spencer Iverson, Atlanta, Georgia, Appellant Pro Se
               Floyd Williams, Atlanta, Georgia, Appellant Pro Se
               Graden P. Jackson and William B. Ingram, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Roth.

¶1     Defendants Spencer Iverson and Floyd Williams appeal the district court's June 22, 2011 order granting Monavie, LLC's motion for summary judgment and motion to dismiss their counterclaims. This matter is before the court on Monavie's motion for summary disposition on the basis that the grounds for review are so insubstantial as not to merit further proceedings and consideration by the court.[1]

---

[1]This matter was previously stayed in order to allow the district court to resolve Defendants' motion for relief under rule 60(b) of the Utah Rules of Civil Procedure.

¶2     The sole issue raised by Defendants in their docketing statement was whether the district court erred in granting Monavie's motion for summary judgment when there remained disputed issues of material fact. When a summary judgment motion is properly supported under the rules, "an adverse party may not rest upon the mere allegations or denials of the pleadings, but the response . . . must set forth specific facts showing that there is a genuine issue for trial." Utah R. Civ. P. 56(e). Further, "[e]ach fact set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party." *Id.* R. 7(c)(3)(A). If a party fails to respond to the motion, then judgment "shall be entered against a party," if appropriate. *Id.* R. 56(e). Thus, the party opposing the motion bears the burden of establishing a factual dispute to overcome summary judgment. Because Defendants did not file a timely response to the motion for summary judgment, the asserted facts were deemed admitted and are the operative facts of the case. *See id.* R. 7(c)(3)(A).

¶3     Furthermore, Defendants failed to preserve any argument that the district court should have reconsidered its ruling after Defendants filed their untimely opposition to the motion. *See State v. Nelson-Waggoner*, 2004 UT 29, ¶ 16, 94 P.3d 186 ("Under ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or exceptional circumstances exist."). Specifically, Defendants did not file a motion with the district court to accept their untimely opposition memorandum, nor did they object to the proposed order submitted by Monavie. Thus, Defendants failed to preserve any arguments that the district court should have considered the material set forth in their opposition to the motion for summary judgment.

¶4     Finally, Defendants argue that they did raise these arguments with the district court in a motion for relief from judgment under rule 60 of the Utah Rules of Civil Procedure. However, any issues dealing with the district court's decision on Defendants' rule 60(b) motion are not properly before this court. A ruling on a rule 60(b) motion culminates in a separate, appealable order, and thus, may not be combined with a direct appeal of the judgment. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950,

970 (Utah Ct. App. 1989).  Therefore, any issues relating to the district court's ruling on Defendants' rule 60(b) motion must be raised in a separate appeal.

¶5     Accordingly, we affirm.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge