IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Midland Funding, LLC, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110788-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 12, 2012) |
| Kenneth Pipkin, | ) | |
| | ) | 2012 UT App 185 |
| Defendant and Appellant. | ) | |

-----

Fifth District, St. George Department, 110500860
The Honorable Eric A. Ludlow

Attorneys:     Kenneth Pipkin, Hildale, Appellant Pro Se
                     Grady R. McNett, Draper, for Appellee

-----

Before Judges Voros, Davis, and Christiansen.

DAVIS, Judge:

¶1     Kenneth Pipkin, representing himself pro se, appeals the trial court's grant of summary judgment in favor of Midland Funding, LLC (Midland). Pipkin argues that Midland's request for summary judgment should have been denied because Midland

failed "to establish a prima facie case" or, alternatively, because there was a material dispute of fact as to the existence of the debt Midland alleged Pipkin owed.[1]  We affirm.

---

[1]Pipkin also argues that the Fair Debt Collection Practices Act (FDCPA), *see generally* 15 U.S.C.A. §§ 1692-1692p (2009 & Supp. 2012), precluded Midland from filing a collection action against Pipkin until Pipkin received information that he timely requested from Midland regarding the debt in accordance with the terms of the initial collection letter Midland sent Pipkin.  The letter stated that Midland would "suspend [its] efforts to collect the debt (through a lawsuit, arbitration or otherwise) until [it] mail[ed] the requested information to [Pipkin]," pursuant to the FDCPA.  *See generally id.* § 1692g(b) (2009) ("If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."); *id.* § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . .").  While Midland's alleged failure to comply with the FDCPA may subject it to liability under the act, such failure is not a defense to liability for the underlying debt.  *See Balsly v. West Mich. Debt Collections, Inc.*, No. 3:11cv642–DJN, 2012 WL 628490, at *12 (E.D. Va. Feb. 27, 2012) (mem.) ("Pursuant to the FDCPA, [the alleged debtor] has a right to pursue his claim regardless of whether he is found liable on the debt . . .—the two rights are not coterminous."); *United States v. Iwanski*, 805 F. Supp. 2d 1355, 1359 (S.D. Fla. 2011) ("[A] violation of th[e FDCPA] does not relieve Defendant of his obligation to pay the underlying debt."); *Vitullo v. Mancini*, 684 F. Supp. 2d 760, 765 (E.D. Va. 2010) (mem.) ("Nothing in the FDCPA suggests, explicitly or implicitly, that debtors might seek declaratory judgments cancelling or extinguishing accrued debts, in lieu of damages, for FDCPA violations . . . ."); *see also Schroyer v. Frankel*, 197 F.3d 1170, 1178 (6th Cir. 1999); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) ("'The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists.'" (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982))); *Torres v. ProCollect, Inc.*, No. 11–cv–02989–LTB, 2012 WL 1969280, at *3 (D. Colo.

(continued...)

¶2 "We review the district court's decision to grant summary judgment for correctness, granting no deference to the [district] court." *Swan Creek Vill. Homeowners Ass'n v. Warne*, 2006 UT 22, ¶ 16, 134 P.3d 1122 (alteration in original) (internal quotation marks omitted). Where, as here,

> a motion for summary judgment is made and supported as provided in [rule 56 of the Utah Rules of Civil Procedure], an adverse party may not rest upon the mere allegations or denials of the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Utah R. Civ. P. 56(e). Additionally, "[e]ach fact set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party." *Id.* R. 7(c)(3)(A). "Thus, the party opposing the motion bears the burden of establishing a factual dispute to overcome summary judgment." *Monavie, LLC v. Iverson*, 2012 UT App 141, ¶ 2, 708 Utah Adv. Rep. 10 (per curiam). Further, although a pro se litigant "should be accorded every consideration that may reasonably be indulged," we will ultimately hold him "to the same standard of knowledge and practice as any qualified member of the bar." *Golden Meadows Props., LC v. Strand*, 2010 UT App 257, ¶ 3, 241 P.3d 375 (mem.) (internal quotation marks omitted), *cert. denied*, 247 P.3d 774 (Utah 2011).

¶3 Here, we accord Pipkin several indulgences, overlooking inadequate briefing and marshaling concerns to reach the merits of his appeal. *Cf. id.* ¶ 3 n.2 (according the pro se litigant several indulgences, including overlooking the fact that the "briefs, though thoroughly researched, lack[ed] focus and coherence and [were] littered with

---

¹(...continued)
June 1, 2012) (mem.); *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 471 (D. N.M. 1990) (mem.). Furthermore, because Pipkin only barely referenced the FDCPA in his previous filings—i.e, his Answer does not contain any reference to the FDCPA, though he presents this argument as a defense to Midland's claims—his argument that he never received the requested documentation is not appropriately before this court. Accordingly, we do not address Pipkin's FDCPA arguments.

unsupported factual allegations"). Nonetheless, Pipkin's memorandum opposing summary judgment (the opposition memo) still failed to raise a genuine question of material fact.

¶4   As the party opposing summary judgment, Pipkin was required to "set forth specific facts showing that there is a genuine issue for trial." *See Archuleta v. Galetka*, 2011 UT 73, ¶ 43, 267 P.3d 232. Pipkin has not done so here. In its entirety, the opposition memo stated that the affidavit Midland submitted in support of summary judgment was "irrelevant" because it did "not provide documented evidence of [the] alleged debt," and then repeated the same few assertions—that Pipkin had not been provided with the information he had previously requested from Midland regarding the debt, that the "alleged debt [was] null and void," and that because Pipkin had "no access to information regarding [the] alleged debt [he could not] determine [the] validity of [the] alleged debt"—before concluding that Midland's claims were "specious, frivolous, [and] without foundation or merit." Pipkin's repeated assertions that he has not been provided with the documentation he requested do not raise a genuine issue of material fact as to Midland's claim that Pipkin owes $6,148.03, plus accrued interest, on a credit account serviced by Midland. We are also not persuaded that Pipkin was unable to effectively oppose Midland's summary judgment motion until he received the information he requested from Midland; the information Midland provided in its initial debt collection letter was detailed enough for Pipkin to effectively oppose summary judgment. Pipkin could have submitted affidavits that would have created a genuine issue of material fact or moved for a continuance under rule 56(f) of the Utah Rules of Civil Procedure; because Pipkin failed to do so, the trial court's ruling is affirmed.[2] *See* Utah R. Civ. P. 56(f) (permitting the trial court to continue a motion for

---

[2]Pipkin also argues that the trial court erred by not considering his FDCPA claim, *see supra* note 1, when granting summary judgment to Midland. We disagree. Even assuming Pipkin has a claim under the FDCPA, *see Antoine v. J.P. Morgan Chase Bank*, 757 F. Supp. 2d 19, 22-23 (D. D.C. 2010) ("Under the FDCPA a debt collector must *send* a written notice to an alleged debtor containing, among other things, the amount of the debt and statements that the consumer may dispute the debt in writing and may request written verification. Section 1692g does not require that this information be *received* by the debtor, however. Instead, it explicitly states that a notice must be sent . . . ." (citation omitted)), his argument still fails to dispute Midland's assertion that

(continued...)

summary judgment and allow for further discovery).  *See generally id.* R. 56(e) (explaining the means by which a party can oppose summary judgment).


_____
James Z. Davis, Judge


-----

¶5    WE CONCUR:


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Michele M. Christiansen, Judge

---

[2](...continued)
Pipkin defaulted on his credit obligations to the tune of $6,148.03, plus interest.