2017 UT App 188

# THE UTAH COURT OF APPEALS

GREGORY MOWER,
Appellant,

*v.*

MICHAEL MOYER AND THRIVE WHOLESALE GROWERS INC.,
Appellees.

Opinion
No. 20150782-CA
Filed October 13, 2017

Fourth District Court, Spanish Fork Department
The Honorable M. James Brady
No. 130300106

Benjamin A. Kearns, Attorney for Appellant

Peter C. Schofield, Adam D. Wahlquist, and Jacob A.
Green, Attorneys for Appellees

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
JILL M. POHLMAN and RYAN M. HARRIS concurred.

TOOMEY, Judge:

¶1  Gregory Mower appeals the district court's order granting
summary judgment in favor of the defendants, Michael Moyer
and Thrive Wholesale Growers, Inc. (collectively, Thrive), on all
of Mower's claims against Thrive. Mower argues the district
court erred in granting summary judgment based on his failure
to comply with rule 7 of the Utah Rules of Civil Procedure. We
affirm.[1]

---

1. Mower also argues summary judgment was inappropriate
because there were genuine issues of material fact. Because we
conclude it was appropriate to grant summary judgment on
(continued…)

BACKGROUND

¶2 This case stems from an oral contract involving the transportation, storage, and sale of trees. In September 2013, Mower and Tree Supply, LLC, an entity Mower formed for the purpose of performing the contract, filed an amended complaint against Thrive, alleging, among other things, breach of contract and unjust enrichment.[2] In May 2015, counsel for Mower and Tree Supply withdrew at Mower's request. Mower proceeded as a pro se plaintiff, but Tree Supply never retained new counsel. Because Tree Supply failed to retain new counsel, Thrive moved to dismiss Tree Supply's claims. The district court granted the motion and dismissed Tree Supply's claims with prejudice.[3]

¶3 Shortly after Tree Supply was dismissed, Thrive moved for summary judgment on all of Mower's claims.[4] In the

---

(…continued)
rule 7 grounds alone, we do not address Mower's arguments on the merits of the case.

2. Moyer and a business partner formed Thrive Wholesale Growers, Inc. after the contract was formed, leading Mower to include it as a defendant in the complaint.

3. "It has long been the law of this jurisdiction that a corporate litigant must be represented in court by a licensed attorney." *Tracy-Burke Assocs. v. Department of Emp. Sec.*, 699 P.2d 687, 688 (Utah 1985) (per curiam). Mower does not challenge Tree Supply's dismissal on appeal.

4. Although Tree Supply was dismissed from the case, Thrive listed Tree Supply on the caption of its motion for summary judgment. It appears none of the parties noticed the mistake, and Tree Supply has been listed on all captions including the parties' briefs. Because of this mistake and because Tree Supply's
(continued…)

supporting memorandum, Thrive used Mower's own deposition to establish a number of undisputed material facts, including that the parties to the contract were Tree Supply and Oregon Acres (Moyer's employer at the time), rather than Mower or Moyer personally. Accordingly, Thrive argued that "[a]ny breach of contract claim arising out of the [contract] belongs solely to Tree Supply" and that, "just as Mower cannot sue on Tree Supply's contract, Moyer and Thrive cannot be sued on Oregon Acres' contract." Thrive argued Mower's unjust enrichment claim should also be dismissed because it was undisputed that Tree Supply entered into an express contract with Oregon Acres, and "'a prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract.'" (Quoting *Ashby v. Ashby*, 2010 UT 7, ¶ 14, 227 P.3d 246.)

¶4      Acting pro se, Mower filed an opposing memorandum, accompanied by his own affidavit. Mower included only one reference to his affidavit in his memorandum, stating, "[A]s outlined in my affidavit included with this brief, Tree Supply, LLC was formed AFTER the events that are the basis for my complaint occurred." In his memorandum, Mower did not number or restate verbatim the material facts that he believed were in dispute, as required by rule 7 of the Utah Rules of Civil Procedure. And although Mower disputed that the contract was between Tree Supply and Oregon Acres, he did not cite any materials to support that contention, notwithstanding rule 7's requirement that he do so. Despite attempting to refute that Oregon Acres, rather than Thrive, was a party to the contract, Mower stated that Thrive had not "presented any evidence to support [its] claim that the contract was between Tree Supply

_____

(…continued)
dismissal is not at issue on appeal, we have omitted Tree Supply from the caption of this opinion.

and Oregon Acres, *other than my deposition testimony* that I thought Mr. Moyer was acting as president of Oregon Acres." (Emphasis added.) Mower also asserted, "My deposition testimony that I thought Mr. Moyer was acting on behalf of Oregon Acres when he entered into the contract with me is my belief but that does not make it true." Finally, concerning the unjust enrichment claim, Mower stated, "Given that [Thrive] admit[s] there was an express contract, . . . there is no need for the unjust enrichment claim."

¶5 In reply, Thrive argued that because Mower did not comply with rule 7, each of the facts should be deemed admitted for purposes of summary judgment. Thrive acknowledged Mower's status as a pro se litigant but cited authority that such litigants are "'held to the same standard of knowledge and practice as any qualified member of the bar.'" (Quoting *Fuller v. Springville City*, 2015 UT App 177, ¶ 20, 355 P.3d 1063.) Thrive argued that, if all of the facts listed in the opening memorandum were deemed admitted, Mower's breach of contract claim must be dismissed because Mower "cannot satisfy the most essential element [of a contract claim]—the existence of a contract between him and either of the Thrive defendants." Thrive also argued the unjust enrichment claim must be dismissed because the parties did not dispute that "there was an express contract governing the sale of the trees."

¶6 The district court granted Thrive's motion, "dismiss[ing] with prejudice each of [Mower's] claims against the Thrive Defendants for the reasons stated in Thrive Defendant[s'] initial and reply memoranda, and [Mower's] failure to comply with the applicable rules." (Emphasis omitted.) Mower appeals.

ISSUES AND STANDARDS OF REVIEW

¶7 Mower argues the district court erred in granting summary judgment based on his failure to comply with rule 7 of

the Utah Rules of Civil Procedure because he substantially complied with the rule, and, as a pro se litigant, the court should have granted him leniency. He further argues Thrive was not entitled to summary judgment as a matter of law because none of the facts presented in Thrive's motion for summary judgment showed that there was a meeting of the minds as to the parties' obligations under the contract. Finally, he argues there are genuine disputes of material fact that preclude summary judgment on the unjust enrichment claim.

¶8     Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(a). "We review a district court's grant of summary judgment for correctness, affording no deference to the district court." *Bluffdale City v. Smith*, 2007 UT App 25, ¶ 5, 156 P.3d 175. "However, the trial court has discretion in requiring compliance with rule 7 of the Utah Rules of Civil Procedure." *Id.* (brackets, citation, and internal quotation marks omitted). Finally, we review a district court's decision not to grant a pro se litigant leniency for an abuse of discretion. *Golden Meadows Props., LC v. Strand*, 2010 UT App 257, ¶ 18, 241 P.3d 375.

ANALYSIS

¶9     Mower contends the district court erred by granting Thrive's motion for summary judgment after determining that he had failed to comply with rule 7 of the Utah Rules of Civil Procedure. He first asserts the court "abused its discretion in deeming [Thrive's] stated facts uncontroverted because [he] substantially complied with Rule 7 and his violations amounted to harmless error." Second, he asserts that, because he was not represented by counsel, he was entitled to leniency in complying with rule 7. Third, he argues that, even if Thrive's stated facts were deemed admitted, Thrive was not entitled to summary judgment as a matter of law, because the facts did not

demonstrate there was a meeting of the minds to form the contract. Finally, he asserts that, even after deeming Thrive's stated facts admitted, there are genuine disputes of material fact that preclude summary judgment on the unjust enrichment claim.

## I. Compliance with Rule 7

¶10 Mower concedes he did not strictly comply with rule 7 but asserts he substantially complied with it by "disput[ing] the relevant facts relied on by [Thrive] in the body of his memorandum with citations to at least some of the relevant evidence." Accordingly, he argues, his failure to strictly comply with rule 7 was harmless.

¶11 We apply the prior version of rule 7, which was repealed and reenacted in November 2015, because Thrive filed its motion for summary judgment prior to the enactment. Former rule 7 provided that "[e]ach fact set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party." Utah R. Civ. P. 7(c)(3)(A) (2015). Rule 7 further explained how a non-moving party may properly dispute a stated fact:

> A memorandum opposing a motion for summary judgment shall contain a verbatim restatement of each of the moving party's facts that is controverted, and may contain a separate statement of additional facts in dispute. For each of the moving party's facts that is controverted, the opposing party shall provide an explanation of the grounds for any dispute, supported by citation to relevant materials, such as affidavits or discovery materials.

*Id.* R. 7(c)(3)(B).

¶12    In *Salt Lake County v. Metro West Ready Mix, Inc.*, 2004 UT 23, 89 P.3d 155, our supreme court explained that a party's failure to "set forth disputed facts listed in numbered sentences in a separate section" in its opposing memorandum was harmless error because "the disputed facts were clearly provided in the body of the memorandum with applicable record references." *Id.* ¶ 23 n.4. Mower argues that, under *Metro West*, any deficiencies in his opposing memorandum were harmless. We disagree.

¶13    Although Mower disputed in the body of his memorandum that Tree Supply and Oregon Acres were the parties to the contract, the only evidence he cited to support this claim was his own affidavit, which he produced after being served with Thrive's motion and which contradicted his earlier deposition testimony.

¶14    The circumstances here are nearly identical to those in *Bluffdale City v. Smith*, 2007 UT App 25, 156 P.3d 175. There, the non-moving party, Smith, filed an opposing memorandum without "a verbatim restatement of [Bluffdale City's] stated facts, noting which fact or portion was disputed, and did not cite to any relevant materials." *Id.* ¶ 3. Smith did, however, dispute several facts in the body of his memorandum and attached his own affidavit in support. *Id.* ¶¶ 2–3. Nevertheless, the district court determined that Smith did not comply with rule 7 and therefore deemed Bluffdale City's facts admitted and granted its motion for summary judgment. *Id.* ¶ 3. On appeal, Smith argued he substantially complied with rule 7 and "maintain[ed] that [his] affidavit [was] sufficient to raise genuine issues of material fact to defeat summary judgment." *Id.* ¶ 6. We disagreed and distinguished the case from *Metro West*, stating that Smith "failed to provide the specific disputed facts together with applicable record references in the body of [his] opposing memorandum." *Id.* ¶ 10.

¶15    Like Smith, Mower failed in his opposition to provide the specific disputed facts together with record references and merely attached his own affidavit in support of his contentions. Thus, the deficiencies in Mower's opposing memorandum were not harmless, and the district court was within its discretion to deem Thrive's facts admitted.[5]

---

5. Due to the brevity of the district court's order granting Thrive's motion for summary judgment, Mower argues that it "is unclear as to whether the trial court was granting summary judgment as some sort of sanction for [his] failure to comply with Rule 7 or because the court felt that summary judgment was warranted as a natural result of having [Thrive's] statement of facts deemed admitted." Neither prior iterations of the Utah Rules of Civil Procedure nor our current rules allow a district court to grant summary judgment as a sanction on the sole basis of a non-moving party's failure to properly dispute stated facts in a moving party's motion. *See* Utah R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that *the moving party is entitled to it*; or (4) issue any other appropriate order." (emphasis added)); *id.* R. 7(c)(3)(A) (2015) ("Each fact set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party."). Any confusion about whether a district court may sanction the non-moving party appears to stem from a footnote in *Anderson Development Co. v. Tobias*, 2005 UT 36, 116 P.3d 323, in which our supreme court stated, in dictum, that after deeming a moving party's stated facts admitted, "the district court could have granted [the moving party's] motion for summary judgment on the basis of" the non-moving party's failure to properly dispute

(continued…)

## II. Pro Se Leniency

¶16    Mower contends the district court "abused its discretion in deeming [Thrive's] stated facts uncontroverted because [he] was entitled to leniency as an unrepresented party." Specifically, he argues his opposing memorandum alerted the court "to disputed factual issues underpinning [Thrive's] arguments," and therefore his memorandum provided the court a "sufficient basis to rule on the merits of his arguments."

¶17    "[A]s a general rule, a party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar." *Allen v. Friel*, 2008 UT 56, ¶ 11, 194 P.3d 903 (citation and internal quotation marks omitted). Pro se litigants are, however, "entitled to every consideration that may reasonably be indulged." *Id.* (citation and internal quotation marks omitted). Reasonable indulgence "is meant to assign to judges the responsibility of informing a self-represented litigant of matters such as the date of trial, his right to a trial by jury, and his right to require any previously retained counsel to provide him the case file and other documents whose preparation had been covered by prior representation." *Id.* "Reasonable considerations do not include the need to interrupt proceedings to translate legal terms, explain legal rules, or otherwise attempt to redress the ongoing consequences of the party's decision to function in a capacity for which he is not trained." *Id.*

---

(…continued)

the moving party's stated facts. *Id.* ¶ 21 n.3. But this statement necessarily implies that after deeming the moving party's facts admitted, the moving party was entitled to judgment as a matter of law. Our rules of civil procedure resolve any concerns about this question. Where a district court deems the moving party's stated facts admitted, the court may not grant the motion unless the moving party is entitled to summary judgment as a matter of law. Utah R. Civ. P. 56(a), (e).

¶18    We emphasize that, to prevail on this issue, Mower must demonstrate that the district court abused its discretion in not granting him leniency. Mower has not done so. The cases he cites in support of his argument are inapposite. Some address our own discretion in granting a pro se appellant leniency in complying with appellate preservation and briefing requirements. *See Bell v. Bell*, 2013 UT App 248, ¶ 24, 312 P.3d 951 (granting leniency to a pro se appellant in spite of her deficiencies in preservation); *Midland Funding, LLC v. Pipkin*, 2012 UT App 185, ¶ 3, 283 P.3d 541 ("We accord [appellant] several indulgences, overlooking inadequate briefing and marshaling concerns to reach the merits of his appeal."). And another addresses an instance where a criminal defendant "was misled by the trial court and the City and consequently . . . was unfairly deprived of a jury trial." *Orem City v. Bovo*, 2003 UT App 286, ¶¶ 12–13, 76 P.3d 1170. Moreover, here, the key fact the court deemed admitted—that Oregon Acres, not Thrive, was the party to the contract—could not be disputed by Mower's affidavit, as Mower had already testified in his deposition that he believed Oregon Acres was the party with which he contracted. *See Webster v. Sill*, 675 P.2d 1170, 1172–73 (Utah 1983) ("[W]hen a party takes a clear position in a deposition, that is not modified on cross-examination, he may not thereafter raise an issue of fact by his own affidavit which contradicts his deposition, unless he can provide an explanation of the discrepancy."). Thus, no degree of leniency with regard to the requirements of rule 7 could have prevented that fact from being deemed admitted.

¶19    Accordingly, Mower has not demonstrated that the district court abused its discretion in denying Mower leniency.

### III. Judgment as a Matter of Law

¶20    Mower argues that, "even if [Thrive's] stated facts were deemed admitted, [Thrive was] not entitled to judgment as a

matter of law," because none of Thrive's facts show there was a meeting of the minds. We disagree.

¶21    Once Thrive's facts were deemed admitted, it became an undisputed fact that Tree Supply and Oregon Acres, not Mower and Thrive, were the parties to the contract. And because it was undisputed that there was a contract, a meeting of the minds necessarily occurred, thus entitling Thrive to judgment as a matter of law on the breach of contract claim.

### IV. Mower's Unjust Enrichment Claim

¶22    In his memorandum in opposition to summary judgment, Mower conceded that, "[g]iven that [Thrive] admit[s] there was an express contract, . . . there is no need for the unjust enrichment claim." Notwithstanding this concession, he argues on appeal that the district court erred in granting summary judgment because, even after deeming Thrive's stated facts admitted, there are genuine disputes of material fact that preclude summary judgment on the unjust enrichment claim.

¶23    We take no position on whether the court erred in granting summary judgment on the unjust enrichment claim because, even if we were to assume that an error occurred, the doctrine of invited error precludes us from reviewing the issue. *See Pratt v. Nelson*, 2007 UT 41, ¶¶ 16–18, 164 P.3d 366. The invited error doctrine is triggered where counsel—or a pro se litigant—"either by statement or act, affirmatively represent[s] to the [trial] court that he or she had no objection to the [proceedings]." *Id.* ¶ 16 (second and third alterations in original) (citation and internal quotation marks omitted); *see also State v. Cooper*, 2011 UT App 234, ¶¶ 11–12, 261 P.3d 653 (concluding that the invited error doctrine applies to pro se litigants). We conclude that Mower's concession in his opposing memorandum—that "there is no need for the unjust enrichment claim"—was an affirmative representation that he did not object

to the district court granting summary judgment against him on the unjust enrichment claim.

CONCLUSION

¶24   We conclude the district court did not err in granting Thrive's motion for summary judgment.

¶25   Affirmed.

_____