2009 UT App 269

**DCH HOLDINGS, LLC, Plaintiff and Appellant,**

v.

**Loren NIELSEN, Defendant and Appellee.**

**No. 20080901–CA.**

Court of Appeals of Utah.

Sept. 24, 2009.

---

M. David Eckersley, Salt Lake City, for Appellant.

Blake D. Miller, Joel T. Zenger, and Lauren Y. Parry, Salt Lake City, for Appellee.

Before Judges BENCH, ORME, and McHUGH.

## OPINION

BENCH, Judge:

¶ 1 Plaintiff DCH Holdings, LLC (Buyer) appeals the district court's decision to consider parol evidence in interpreting an integrated contract that Buyer entered into with Defendant Loren Nielsen (Seller). We affirm.

## BACKGROUND

¶ 2 In May 2005, Buyer and Seller entered into a contract for the sale of real property located in Sandy, Utah. The contract set October 15, 2005, as a final closing date and provided that Seller would deliver physical possession of the property and convey "good and marketable title" upon closing, after Buyer tendered the agreed-upon purchase price. The contract also included an explicit integration clause reading, "This Contract together with its addenda ... constitutes the entire Contract between the parties...."

¶ 3 At the time of contract, the subject property was part of a larger parcel that had not yet been subdivided or replatted. Under

the existing plat, transfer of the subject property would have violated Utah law.[1] The contract recognized the mandatory subdividing and platting requirement by providing that a portion of the purchase price would be paid "upon preliminary plat approval" and that the remaining purchase price would be paid "at closing on or before [twenty days] after the final plat approval." However, the contract did not assign responsibility for obtaining plat approval to either Buyer or Seller.

¶ 4 Seller did not hear from Buyer in the months following execution of the contract and believed that Buyer had abandoned the plans to purchase and develop the property. On the day before the final closing date, Buyer sent Seller a facsimile notifying him of its intent to tender the purchase price and close on the sale of the property that day.[2] Immediately after the parties signed the contract, Buyer had begun taking steps to obtain plat approval. As of the final closing date, however, the property had not yet been subdivided or platted. When Seller delivered neither possession nor title, Buyer brought suit for breach of contract.

¶ 5 Both parties filed cross-motions for summary judgment. Judge Timothy R. Hanson denied both parties' motions, concluding that the contract was silent on assigning responsibility for obtaining plat approval and that, absent an express statutory delegation of such duties, the parties needed to specify that term in their contract. Judge Hanson further concluded that the contract's ambiguity on an essential term would require the introduction of parol evidence to assess the parties' intent.[3]

¶ 6 Following Judge Hanson's retirement, Judge Kate A. Toomey conducted the ensuing bench trial. Based on extrinsic evidence of the parties' intent, Judge Toomey ruled that the parties had agreed that Buyer would obtain plat approval. Judge Toomey therefore concluded that Seller had not breached the contract. Judge Toomey also awarded Seller attorney fees based on a contractual provision providing that "[i]n the event of any litigation ... to enforce this Contract, the prevailing party shall be entitled to ... reasonable attorney fees." Buyer appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Buyer claims that the district court erred by considering parol evidence to interpret the parties' integrated contract. Seller counters that the district court was correct in considering parol evidence because the parties' integrated contract was ambiguous. "[B]oth the issues pertaining to ambiguity and admittance of parol evidence present questions of law which we review under a correctness standard, granting no particular deference to the trial court." *Bennett v. Huish*, 2007 UT App 19, ¶ 8, 155 P.3d 917.

---

1. The transfer "of any land located in a subdivision ... before a plat of the subdivision has been approved and recorded" is in violation of Utah law. Utah Code Ann. § 10–9a–611(1)(a) (Supp. 2005); *id.* § 10–9a–803(2) (stating that violation of section 10–9a–611(1)(a) may be punishable as a class C misdemeanor or by imposing other civil penalties); *see generally id.* § 10–9a–103(35)(a)–(b) (" 'Subdivision' means any land that is divided ... or proposed to be divided into two or more ... parcels ... for the purpose ... [of] sale ... [and] includes[ ] the division ... of land ... [by] plat ...."); *id.* § 10–9a–103(25) (" 'Plat' means a map or other graphical representation of lands being laid out and prepared in accordance with [this section]."). The process for obtaining plat approval of subdivided property is provided by Utah Code section 10–9a–603. *See id.* § 10–9a–603.

2. Buyer's attempt at closing on the contract came just days after plans were announced to build a soccer stadium adjacent to the subject property.

3. Judge Hanson's decision to allow parol evidence was premised upon the recognition that had the parties failed to reach a meeting of the minds in assigning responsibility for obtaining plat approval, the contract could potentially be unenforceable due to a defect in formation-specifically, failure to agree on an essential term. *See Nielsen v. Gold's Gym*, 2003 UT 37, ¶¶ 11–12, 78 P.3d 600 (stating that "a meeting of the minds on the integral features of an agreement is essential to the formation of a contract" and that a contract does not exist if there is no meeting of the minds on essential contractual terms (internal quotation marks omitted)). At the subsequent bench trial it was established that the parties had reached a meeting of the minds on this essential term. We therefore do not address this issue further.

## ANALYSIS

■ ¶ 8 The parol evidence rule operates "to exclude [extrinsic] evidence of contemporaneous conversations, representations, or statements offered for the purpose of varying or adding to the terms of an integrated contract." *Tangren Family Trust v. Tangren*, 2008 UT 20, ¶ 11, 182 P.3d 326 (emphasis and internal quotation marks omitted). "[I]f a contract is integrated, parol evidence is ... not admissible to vary or contradict the clear and unambiguous terms of the contract." *Id.* (internal quotation marks omitted). However, under the parol evidence rule, extrinsic evidence may be considered to clarify ambiguity within an integrated contract. *See id.; see also Daines v. Vincent*, 2008 UT 51, ¶¶ 22–31, 190 P.3d 1269 (discussing ambiguity as a basis for considering parol evidence to interpret an integrated contract).

¶ 9 The contract here contains a clear integration clause. *See generally Tangren*, 2008 UT 20, ¶ 12, 182 P.3d 326 (stating that an integrated contract is a writing intended as a "final and complete expression" of the contracting parties' agreement (internal quotation marks omitted)). However, even in the face of a clear integration clause, parol evidence may be considered in interpreting ambiguities within an integrated contract. *See id.* ¶¶ 11, 18. Because Buyer does not challenge Judge Toomey's factual findings, the sole question presented for our review is whether the contract between Buyer and Seller is ambiguous, thus permitting the admission of parol evidence.

■ ¶ 10 A contract is "ambiguous if it is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies." *Daines*, 2008 UT 51, ¶ 25, 190 P.3d 1269 (internal quotation marks omitted). "[B]efore permitting recourse to parol evidence, a court must make a determination of

facial ambiguity" within the contractual language. *Id.* "[I]f the language of the contract is ambiguous such that the intentions of the parties cannot be determined by the plain language of the agreement, extrinsic evidence must be" considered to determine the parties' intentions. *Novell, Inc. v. Canopy Group, Inc.*, 2004 UT App 162, ¶ 20, 92 P.3d 768 (internal quotation marks omitted); *see also Tangren*, 2008 UT 20, ¶ 16 n. 19, 182 P.3d 326 (stating that where a contract is "obviously incomplete on its face ... parol evidence is necessary for filling of gaps" (internal quotation marks omitted)). Ambiguity may be found when a contract is missing an essential term.[4] *See Daines*, 2008 UT 51, ¶ 29, 190 P.3d 1269 (stating that finding ambiguity is not limited to express contractual terms but may also be found "where there are missing terms in a contract" (citing *Nielsen v. Gold's Gym*, 2003 UT 37, ¶ 14, 78 P.3d 600)).

■ ¶ 11 "[W]hen determining whether a contract is ambiguous, any relevant evidence must be considered." *Id.* ¶ 26. But parol evidence may not be used "to obscure otherwise plain contractual terms," for determining what a contract means "begins and ends with the language of the contract." *Id.* ¶¶ 31, 30. Therefore, all interpretations inferred from extrinsic evidence must be " 'reasonably supported by the language of the contract.' " *Id.* ¶ 26 (quoting *Ward v. Intermountain Farmers Ass'n*, 907 P.2d 264, 268 (Utah 1995)).

■ ¶ 12 Transferring the subject property here, without obtaining plat approval, would violate Utah law. From the face of the parties' contract, it is apparent that they were aware of the mandatory platting requirement because the contract explicitly provides for partial payment and closing upon preliminary and final plat approval. Yet the contract does not assign responsibili-

---

**4.** Integrated contracts with missing terms are considered only partially integrated. *See Stanger v. Sentinel Sec. Life Ins. Co.*, 669 P.2d 1201, 1205 (Utah 1983); *Novell, Inc. v. Canopy Group, Inc.*, 2004 UT App 162, ¶ 15, 92 P.3d 768; *Webb v. R.O.A. Gen., Inc.*, 804 P.2d 547, 551 (Utah Ct. App.1991). In the context of a partially integrated contract, " ' "parol evidence to prove the part

not reduced to writing is admissible" ' " in order to " ' "show what the entire contract really was, by supplementing, as distinguished from contradicting, the writing." ' " *Novell*, 2004 UT App 162, ¶ 15, 92 P.3d 768 (emphasis omitted) (quoting *Webb*, 804 P.2d at 551 (quoting *Stanger*, 669 P.2d at 1205)).

ty for obtaining plat approval. The contract is therefore ambiguous on an essential term, performance of which is presumed on the face of the contract. Accordingly, the district court was correct in considering relevant extrinsic evidence to determine the parties' intent regarding who had responsibility for obtaining plat approval. Because the contract is silent on this matter, the district court's subsequent determination that Buyer was responsible for obtaining plat approval does not contradict the clear, unambiguous language of the contract.

## CONCLUSION

¶ 13 The contract is ambiguous because it did not specify who was responsible for obtaining plat approval. The district court therefore properly considered parol evidence to ascertain the parties' intent.

¶ 14 Accordingly, we affirm and remand for the purpose of calculating Seller's attorney fees reasonably incurred on appeal. *See Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 409 (Utah 1980) ("[A] provision for payment of attorney[ ] fees in a contract includes attorney[ ] fees incurred by the prevailing party on appeal as well as at trial. . . .").

¶ 15 WE CONCUR: GREGORY K. ORME and CAROLYN B. McHUGH, Judges.