2016 UT App 60

## THE UTAH COURT OF APPEALS

ELECTRICAL CONTRACTORS, INC.,
Appellee,
*v.*
WESTWATER FARMS, LLC,
Appellant.

Opinion
No. 20141166-CA
Filed March 31, 2016

Seventh District Court, Moab Department
The Honorable Lyle R. Anderson
No. 120700003

Craig C. Halls, Attorney for Appellant

Douglas E. Griffith and Adam L. Grundvig,
Attorneys for Appellee

SENIOR JUDGE RUSSELL W. BENCH authored this Opinion, in which
JUDGES J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN
concurred.[1]

BENCH, Senior Judge:

¶1      Westwater Farms, LLC (Westwater) appeals the district court's grant of summary judgment in favor of Electrical Contractors, Inc. (ECI) and its denial of Westwater's motion to submit supplemental affidavits and documents in opposition to summary judgment. We affirm.

---

1. Senior Judge Russell W. Bench sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

BACKGROUND

¶2    In September 2010, Westwater, through its managing members, Thomas Warnes and Carl Borgstrom, allegedly entered into an oral contract with ECI pursuant to which ECI would provide general and electrical contracting services on a cost-plus[2] basis in connection with a water disposal system to be constructed on Westwater's property in Grand County, Utah (the Project). Stewart Environmental Services, Inc. (Stewart Environmental) joined the Project as Westwater's engineering representative in late 2010 or early 2011. Between late 2010 and July 2011, ECI provided approximately $1,028,849 in construction services on the Project and sent invoices to Westwater for this work. Stewart Environmental made payments to ECI in May and July 2011 totaling $152,061.24. On August 8, 2011, ER&PWD Joint Venture—an LLC created by Warnes and Dave Stewart, a principal of Stewart Environmental—entered into a written agreement with ECI regarding documentation of charges and a schedule for paying ECI. However, other than the aforementioned payments made by Stewart Environmental, no additional payments were made to ECI by any party.

¶3    On January 19, 2012, ECI filed a complaint alleging various causes of action against Westwater, Stewart Environmental, ER&PWD Joint Venture, and several other parties. On May 28, 2014, ECI moved for summary judgment on its breach of contract claim against Westwater. In support of its motion, ECI submitted an affidavit from Doyle Jensen, job supervisor for ECI, describing the oral contract he entered into with Borgstrom and Warnes. Westwater filed a response in opposition to the motion for summary judgment on June 23,

---

2. A cost-plus contract is one "in which payment is based on a fixed fee or a percentage added to the actual cost incurred." *Contract*, Black's Law Dictionary (9th ed. 2009).

2014 (the Opposition Memo). The Opposition Memo was supported by an affidavit from Warnes, but rather than denying the allegations in Jensen's affidavit, Warnes merely averred, "Neither I nor any other person on behalf of Westwater . . . authorized Mr. Stewart or any entity under his control, to engage Electrical Contractors, Inc. as the general contractor . . . ."

¶4    Subsequently, on August 1, 2014, Westwater moved the court, pursuant to rule 15(d) of the Utah Rules of Civil Procedure, "to allow amendment and supplementation of [additional] documents and affidavits to be considered by the Court before consideration of summary . . . judgment." Westwater claimed that it was unable to provide the documents earlier because they were in the possession of Warnes, who had been hospitalized on June 27, 2014. The district court denied Westwater's motion to supplement, concluding that Westwater had "provided no persuasive explanation for failing to include the documents or arguments in its original response."

¶5    The district court held a hearing on ECI's motion for summary judgment on September 23, 2014. Following the hearing, the district court determined that Westwater's Opposition Memo did not "contain a verbatim restatement of each of [ECI's] facts that is controverted" or "provide an explanation of the grounds for any dispute," as required by rule 7 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 7(c)(3)(B) (2014).[3] In light of these shortcomings, the district court deemed ECI's statement of material facts admitted for purposes

---

3. Rule 7 of the Utah Rules of Civil Procedure was repealed and reenacted in 2015, and "the special requirements for a motion for summary judgment" were moved to rule 56. *See* Utah R. Civ. P. 7 advisory committee notes; *id.* R. 56. Thus, we cite the 2014 version of both rules.

of the summary judgment motion.[4] The district court further determined, based on the undisputed facts, that ECI had established its breach of contract claim as a matter of law, and the court therefore awarded damages in the amount of $876,788.10, plus interest, for a total award of $1,165,084.09. The district court certified the judgment as final under rule 54(b) of the Utah Rules of Civil Procedure, and Westwater now appeals.

ISSUES AND STANDARDS OF REVIEW

¶6      Westwater first argues that the district court erred in granting ECI's motion for summary judgment. "Because a district court's ruling on summary judgment is a question of law, we review it for correctness." *Rupp v. Moffo*, 2015 UT 71, ¶ 5, 358 P.3d 1060.

¶7      Westwater further asserts that the district court erred by declining to accept Westwater's proffered supplemental affidavits and documents. We review the district court's ruling for an abuse of discretion. *See United Park City Mines Co. v. Greater Park City Co.*, 870 P.2d 880, 893 (Utah 1993).

---

4. The district court also observed that even if it had not deemed ECI's facts admitted, Westwater's Opposition Memo and Warnes's affidavit did not establish the existence of a genuine issue of material fact because they asserted only that Stewart did not have the power to contract on behalf of Westwater, not that Westwater had not itself entered into a contract. Since ECI alleged that it had contracted with Westwater through Warnes and Borgstrom, the district court concluded that "it's a red herring whether Mr. Stewart was acting on behalf of Westwater."

ANALYSIS

I. Summary Judgment

¶8     Westwater raises several arguments in support of its assertion that the district court erred in granting ECI's summary judgment motion. First, Westwater argues that the allegations in ECI's complaint failed to establish the elements of its breach of contract claim as a matter of law. Second, Westwater asserts that documents attached to ECI's amended complaint established a genuine issue of material fact. Third, Westwater argues that the district court should not have considered evidence relating to the oral contract because such evidence violated the parol evidence rule. Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c) (2014).

A.     Breach of Contract Claim

¶9     Westwater first argues that ECI did not adequately allege a breach of contract claim, because it did not establish the existence of an enforceable contract. *See Orvis v. Johnson*, 2008 UT 2, ¶ 19, 177 P.3d 600 ("If the moving party would bear the burden of proof on the relevant issue, . . . then the movant has an affirmative duty to provide the court with facts that demonstrate both that the party is entitled to judgment as a matter of law and that there are no material issues of fact that would require resolution at trial."); *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388 (indicating that the first element of a breach of contract claim is the existence of a contract). Westwater asserts that the terms of the alleged oral contract were too indefinite to be enforced, *see Nielsen v. Gold's Gym*, 2003 UT 37, ¶ 11, 78 P.3d 600, because they did not include "the price to be paid and work to be done."

¶10     First, Westwater does not appear to have preserved this argument. In its Opposition Memo, Westwater alleged only that

there were genuine issues of fact precluding summary judgment, not that there was no contract as a matter of law. *See generally Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968 ("[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue."). But even if this argument was preserved, we agree with ECI that Jensen's affidavit adequately alleged the existence of an enforceable oral contract.

¶11    "'A contract may be enforced even though some contract terms may be missing or left to be agreed upon'" so long as "'the essential terms are [not] so uncertain that there is no basis for deciding whether the agreement has been kept or broken.'" *Nielsen*, 2003 UT 37, ¶ 12 (quoting *Academy Chicago Publishers v. Cheever*, 578 N.E.2d 981, 984 (Ill. 1991)). Jensen's affidavit indicated that ECI and Westwater agreed that ECI would "serve as the Project's general contractor and electrical contractor." Thus, any services that would normally be performed by a general contractor or an electrical contractor on a project such as the one at issue would be included in the contracted services; these services did not need to be explicitly enumerated in order for the parties to determine whether ECI had provided them. Further, Jensen indicated that the parties agreed to a cost-plus payment structure "such that ECI would charge Westwater the actual costs that ECI incurred in providing the requested services, plus a 1% administrative fee markup on certain items, a 3% bonding fee markup on certain items, and a 12% profit markup on other items." The fact that the parties did not know what the ultimate cost would be does not demonstrate, as Westwater asserts, that there was no meeting of the minds. While the cost-plus terms did not establish a precise price to be paid, they did provide a clear method for calculating the price once the work was completed. Thus, the essential terms of the oral contract were established and the district court did not err in determining that ECI established its claim as a matter of law.

B.      Genuine Issue of Material Fact

¶12     Westwater next asserts that Exhibits A, B, and C of ECI's amended complaint contained documents that established genuine issues of material fact that would preclude summary judgment. But even assuming that these exhibits contained evidence sufficient to create a factual dispute, it was ultimately Westwater's burden, under rule 7 of the Utah Rules of Civil Procedure, to dispute the facts asserted in ECI's summary judgment motion with "an explanation of the grounds for any dispute, supported by citation to relevant materials." Utah R. Civ. P. 7(c)(3)(B) (2014); *see also Orvis*, 2008 UT 2, ¶ 10 (explaining that where the moving party would bear the burden of proof at trial, once the moving party has "present[ed] evidence sufficient to establish . . . that no material issues of fact remain," the burden "shifts to the nonmoving party to identify contested material facts"). Westwater did not refer to any of these exhibits in its Opposition Memo. Indeed, the Opposition Memo was so incomplete that the district court ultimately deemed ECI's statement of undisputed material facts admitted for purposes of the summary judgment motion. *See* Utah R. Civ. P. 7(c)(3)(A) (2014); *see also Bluffdale City v. Smith*, 2007 UT App 25, ¶¶ 8–11, 156 P.3d 175. Westwater has not challenged the district court's rule 7 ruling, yet it asks us to hold that the district court, having deemed ECI's facts admitted, should have nevertheless reviewed the record sua sponte in an effort to find evidence supporting a dispute of fact.[5] But "[a] district court is not obliged to comb the record to determine whether a genuine issue as to any material

---

5. Much of Westwater's discussion focuses on the question of whether it could rely on the exhibits in disputing ECI's statement of facts when the exhibits were submitted as part of ECI's pleadings rather than Westwater's. This argument is beside the point, as Westwater made no attempt to rely on those exhibits in its Opposition Memo.

fact exists to prevent summary judgment."[6] *Jennings Inv., LC v. Dixie Riding Club, Inc.*, 2009 UT App 119, ¶ 26, 208 P.3d 1077. Given that ECI's statement of facts was deemed admitted, the district court needed only to examine whether those facts established ECI's breach of contract claim as a matter of law, not whether those facts could be disputed by other evidence in the record.[7]

C.    Parol Evidence Rule

¶13    Westwater next argues that the district court violated the parol evidence rule by considering ECI's evidence regarding the oral agreement. As with Westwater's other arguments, Westwater failed to preserve its parol evidence argument in the district court. But in any event, the parol evidence rule does not apply in this case. "The parol evidence rule operates to exclude

---

6. Indeed, the current version of the Utah Rules of Civil Procedure provides that although the district court "*may* consider other materials in the record," it "need consider only the cited materials" in ruling on a motion for summary judgment. Utah R. Civ. P. 56(c)(3) (emphasis added).

7. We also observe that it is by no means clear that any of the exhibits actually establish a dispute of fact. Exhibit A shows that ECI had a written agreement with ER&PWD Joint Venture regarding a payment schedule for services ECI had provided. Exhibit B is a document titled "Scope of Work" that is not addressed to anyone in particular. And Exhibit C shows that ECI asserted a claim of lien against Stewart Environmental relating to work done on the Project. To even begin to construe these documents as contradicting ECI's assertion that it had an oral contract with Westwater, a number of inferences must be made. Without the benefit of Westwater's argument on the subject, the district court could not have been expected to construe the documents the way Westwater does on appeal.

[extrinsic] evidence of contemporaneous conversations, representations, or statements offered for the purpose of varying or adding to the terms of an integrated contract." *DCH Holdings, LLC v. Nielsen*, 2009 UT App 269, ¶ 8, 220 P.3d 178 (alteration in original) (citation and internal quotation marks omitted). The only written contract related to this case is the agreement between ECI and ER&PWD Joint Venture.[8] There is no integrated written contract between Westwater and ECI, and the evidence of an oral agreement between Westwater and ECI was not offered to vary or add to the terms of ECI's written agreement with ER&PWD Joint Venture. Thus, we are at a loss to see how the parol evidence rule could apply to exclude ECI's evidence of an oral contract with Westwater.

## II. Motion to File Supplemental Documents

¶14    Finally, Westwater challenges the district court's denial of its motion to file supplemental affidavits and documents in support of its Opposition Memo. Westwater claims that its motion was made pursuant to rule 56(f) of the Utah Rules of Civil Procedure. "Rule 56(f) motions opposing a summary judgment motion on the ground that discovery has not been completed should be granted liberally unless they are deemed dilatory or lacking in merit." *Energy Mgmt. Servs., LLC v. Shaw*, 2005 UT App 90, ¶ 10, 110 P.3d 158 (citation and internal quotation marks omitted). Westwater asserts that the district

---

8. Although Westwater attempts to characterize this agreement as an integrated contract relating to the same subject matter as the alleged oral agreement, it cannot really be characterized as such. The agreement was entered into after ECI had completed its work on the Project, says nothing about the work ECI agreed to perform, and mentions the cost-plus terms only in a note explaining ECI's invoice. Indeed, this document is more properly characterized as an agreement regarding a payment schedule than a contract for services.

court exceeded its discretion by denying Westwater's motion on the ground that Westwater had "provided no persuasive explanation for failing to include the documents or arguments in its original response," because the district court made no determination that its motion was meritless or dilatory. We disagree.

¶15    First, Westwater did not indicate to the district court that it was making its motion to supplement pursuant to rule 56(f). To the contrary, Westwater explicitly stated that its motion relied on rule 15(d) of the Utah Rules of Civil Procedure, governing supplemental pleadings. Thus, Westwater's rule 56(f) argument was not preserved. *See Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968.

¶16    Furthermore, we agree with ECI that Westwater's motion, even if had been a rule 56(f) motion, was dilatory and/or lacking in merit on its face. Westwater submitted its Opposition Memo on June 23, 2014, which included an affidavit by Warnes. Westwater did not indicate to the court at that time that it was unable to "present by affidavit facts essential to justify [its] opposition" to the summary judgment motion. Utah R. Civ. P. 56(f) (2014). Rather, it asserted, both in its Opposition Memo and in a later response to ECI's reply memorandum, that the facts alleged in Warnes's affidavit evidenced a factual dispute sufficient to preclude summary judgment. Further, Westwater's proffered reason for its failure to provide the court with the supplemental documents sooner was that Warnes had been hospitalized, but Warnes was not hospitalized until after Westwater had filed its Opposition Memo, and he actually provided an affidavit that was submitted with the memo. Thus, it is unclear why Warnes's hospitalization prevented Westwater from submitting the supplemental documents with its Opposition Memo. For these reasons, it does not appear that Westwater was precluded from adequately opposing ECI's motion for summary judgment in its Opposition Memo.

CONCLUSION

¶17    For the foregoing reasons, we conclude that the district court did not err in granting ECI's motion for summary judgment and denying Westwater's motion to submit supplemental affidavits and documents. Accordingly, we affirm.

—————