**2015 UT App 177**

## THE UTAH COURT OF APPEALS

DAVID FULLER AND RUTH M. FULLER,
Plaintiffs and Appellants,
*v.*
SPRINGVILLE CITY,
Defendant and Appellee.

Memorandum Decision
No. 20140433-CA
Filed July 16, 2015

Fourth District Court, Provo Department
The Honorable Claudia Laycock
No. 110400724

David Fuller and Ruth M. Fuller, Appellants Pro Se

Jody K. Burnett and Robert C. Keller, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and
STEPHEN L. ROTH concurred.

CHRISTIANSEN, Judge:

¶1      David and Ruth M. Fuller appeal from the district court's orders granting summary judgment in favor of Springville City and dismissing the Fullers' claims. The Fullers sought review in the district court of the Springville City Board of Adjustment's decision denying their request for approval of a nonconforming use. The Fullers argue that the Board of Adjustment's application of Springville City's zoning ordinances pertaining to single-family and multifamily-residential uses resulted in an unconstitutional taking of their property. For the reasons stated below, we affirm the district court's dismissal of the Fuller's claims.

¶2     The Fullers' property is situated in an area of Springville City zoned solely for single-family use. The Fullers maintain a basement apartment in their residence and utilize their home as a multifamily dwelling. The Fullers claim that they have maintained this multifamily dwelling for many years. When Springville City learned of the basement apartment, however, the city notified the Fullers that such use violated the zoning laws and needed to stop.

¶3     The Fullers then applied for a certificate of nonconformity, claiming that their basement apartment qualified as a preexisting nonconforming use. Springville City's community-development director (the Director) denied their application and concluded that the Fullers had failed to prove that their basement apartment "could have [ever] been legal under the zoning ordinances in place since the house was constructed" and that the Fullers' use therefore had not been "legally established" as required to demonstrate a nonconforming use under both state statute and Springville City ordinance. The Fullers appealed that decision to the Springville City Board of Adjustment (the Board), which upheld the denial of the Fullers' application for a certificate of nonconformity. Thereafter, the Fullers filed a complaint in the Fourth District Court appealing the Board's decision.

¶4     In their complaint, the Fullers asserted a number of claims, alleging "tortuous bad faith failure to investigate and resolve nonconforming use certificate which may arise out of implementation of previous settlement agreement," "bad faith denial of request for non-conformity," "abuse of process," and "breach of expressed agreement to good faith negotiation." The Fullers sought a declaratory judgment that the Board's "decision denying request for non-conformity is arbitrary, capricious, and

against the substantial weight of the evidence" and that Springville City's zoning ordinance was "null and void."[1]

¶5 Springville City filed a motion for partial summary judgment "seeking dismissal of all of the Fullers' claims or theories other than a claim which might appropriately constitute a Petition for Review of the [Board's] decision." At the hearing on the motion, the court orally granted Springville City's motion except as to that portion of the Fullers' complaint that the court determined could be construed as a petition for review of the Board's decision. The district court requested additional briefing from the parties on whether the Fullers could bring a constitutional challenge to Springville City's historical zoning ordinances based on the Utah Supreme Court's holding in *Gillmor v. Summit County*, 2010 UT 69, 246 P.3d 102.

¶6 Before the district court entered a final ruling on Springville City's motion for summary judgment, the parties stipulated to a stay of the district court case and a remand to the city for "further proceedings and consideration of evidence by [the Director]" regarding "whether and to what extent [the Fullers] can prove the nonconforming use of their property as a two-family dwelling was ever lawfully and legally established in the first instance." After additional consideration, the Director again denied the Fullers' application. The Director found that the lot on which the Fullers' home was constructed was not of sufficient size to have ever allowed multifamily use in the zoning district where it was located. Thus, the Fullers could not demonstrate that use of their property as a multifamily dwelling had ever been legally established. The Fullers requested

---

1. To the extent the Fullers raised other allegations and requests for relief in their complaint, they are not pertinent to this appeal and we do not address them.

reconsideration by the Director and requested additional time to conduct further research and present additional arguments. The Director denied the Fullers' requests and affirmed his previous decision.

¶7 The Fullers again appealed to the Board. The Board upheld the Director's decision based on "a lack of evidence presented to [the] Board that when the use was originally established that it conformed with the applicable zoning ordinance either under the Utah County zoning ordinance or Springville City zoning ordinance and that, for that reason there's been a lack of evidence showing that it was legal in the first instance." The Fullers then amended their original complaint in the district court case, seeking judicial review of the Board's final decision.

¶8 Subsequently, the district court held another hearing on Springville City's motion for summary judgment. After the hearing, the district court entered a written order memorializing its grant of summary judgment to Springville City on all of the Fullers' claims except their claim for review of the Board's decision. The district court also ordered that "[s]olely in the context and for the purposes of the Fullers' remaining Petition for Review claim," the Fullers could challenge the facial validity of Springville City's zoning ordinances. The district court allowed the Fullers to file an amended complaint to "describ[e] the basis for their claim that the [Board's] decision on their nonconforming use application was arbitrary, capricious or illegal" and to clarify the Fullers' constitutional challenges to Springville City's ordinances.

¶9 Springville City then filed a motion for summary judgment on the Fullers' claim regarding their petition for review of the Board's decision. The district court granted summary judgment in favor of Springville City and affirmed the

Board's decision denying the Fullers' application for a certificate of nonconformity.

¶10   Several months later, Springville City filed a final motion for summary judgment seeking to dismiss the Fullers' remaining constitutional claims. The district court granted the motion and dismissed "the Fullers' claims against the City . . . in their entirety, with prejudice and on the merits." The Fullers appeal.

¶11   This case involves a challenge to a land use authority's decision to deny an application for a nonconforming use. We review the district court's judgment "as if we were reviewing the land use authority's decision directly, and we afford no deference to the district court's decision." *Pen & Ink, LLC v. Alpine City*, 2010 UT App 203, ¶ 16, 238 P.3d 63 (citation and internal quotation marks omitted).

¶12   The Fullers first argue that application of the zoning ordinances to prohibit their keeping a basement apartment constitutes an unconstitutional taking of their property. However, the Fullers have failed to demonstrate that their unconstitutional takings claim was preserved below, as they are required to do by our rules of appellate procedure. An appellant's brief must include "citation to the record showing that the issue was preserved in the [district] court; or . . . a statement of grounds for seeking review of an issue not preserved in the [district] court." Utah R. App. P. 24(a)(5)(A), (B). We generally will not reach an issue if the appellant fails to establish that it was preserved. *See Florez v. Schindler Elevator Corp.*, 2010 UT App 254, ¶ 32, 240 P.3d 107. The Fullers cite to instances in the record where they made vague assertions about the ordinances' constitutionality, but none of these record citations demonstrate that a takings argument was ever presented to the Board or the district court. Because the Fullers have failed to show that this argument was preserved below, we

decline to address it. *See Holladay v. Storey*, 2013 UT App 158, ¶ 34, 307 P.3d 584.

¶13    Next, the Fullers argue that the district court erred by applying the 1997 version of the Utah Code governing boards of adjustment rather than "the laws of municipal annexation as they existed in 1975." According to the Fullers, the issue can be characterized in this way: "[C]an the Court properly use Municipal Law as it exists today to determine the legality of the use? Or should the Court have used State Law as it existed at the time of annexation [by Springville City] to determine the legality of the enforcement?" Though the Fullers claim to challenge the district court's decision, we must review the land use authority's decision directly. *See Pen & Ink*, 2010 UT App 203, ¶ 16. Thus, we understand the Fullers' argument to mean that the Board should have applied "the 1953 version" of the Utah Code governing boards of adjustment—the version of the statute in effect at the time Springville City annexed the Fullers' property[2]—because the Board interpreted zoning ordinances in place "since before 1960" in determining the legality of the property's use as a component of the nonconforming-use determination.

¶14    This argument is also unpreserved because the Fullers did not raise to the Board the issue of which version of the law applies to their claims. "Utah law requires parties to preserve arguments for appellate review by raising them first in the forum below—be it a trial court or an administrative tribunal."

---

2. The Fullers repeatedly reference "the 1953 version" of section 10-9-6 of the Utah Code. That statute was not amended between 1953 and Springville City's annexation of the area containing the Fullers' property in 1975. We therefore understand all of the Fullers' references to "the 1953 version" of the law to mean the same version in effect at the time of the annexation in 1975. *See* Utah Code Ann. § 10-9-6 (Allen Smith Co. 1973).

*Columbia HCA v. Labor Comm'n*, 2011 UT App 210, ¶ 6, 258 P.3d 640. "'[I]ssues not raised before administrative agencies are [not preserved and are] not subject to judicial review.'" *Carlsen v. Board of Adjustment of Smithfield*, 2012 UT App 260, ¶ 9, 287 P.3d 440 (alterations in original) (quoting *Frito-Lay v. Labor Comm'n*, 2009 UT 71, ¶ 32, 222 P.3d 55); *see also Patterson v. Utah County Bd. of Adjustment*, 893 P.2d 602, 603 (Utah Ct. App. 1995) (explaining that when "the district court's review of the [administrative agency's] decision was limited to a review of the [agency's] record," "we review [the administrative agency's] decision as if the appeal had come directly from the agency"). Though the Fullers presented this argument to the district court, the Fullers have failed to demonstrate that they originally presented this argument to the Board. It is therefore unpreserved, and we decline to address it. *See Carlsen*, 2012 UT App 260, ¶ 9.

¶15   Next, the Fullers appear to challenge the merits of the Board's denial of their application for a nonconforming use. The Fullers also argue, based upon their reading of the 1953 version of the Utah statute outlining the creation of boards of adjustment and their designated powers, that the Board deprived the Fullers of the opportunity to present evidence supporting their claim that "the use [of their nonconforming basement apartment] promoted the public welfare." The Fullers state, "In 1953, the zoning authority [could] only deprive the owner of property of its use *to which it was lawfully devoted* prior to the enactment of the ordinance if the parties have had the opportunity to present evidence as to the welfare of the public." (Emphasis added.)

¶16   Both in 2011 and 2013, the Board denied the Fullers' application for a nonconforming use because the Fullers failed to prove that their multifamily residence was ever legally established. The Board affirmed the Director's findings that the lot on which the Fullers' home was constructed was not of sufficient size to have ever legally permitted multifamily use and

was not located in a zoning district that allowed multifamily use.[3]

¶17 Utah Code section 10-9a-801 provides the judicial standard of review of a land use authority's decision: "The courts shall: (i) presume that a decision, ordinance, or regulation made under the authority of this chapter is valid; and (ii) determine only whether or not the decision, ordinance, or regulation is arbitrary, capricious, or illegal." Utah Code Ann. § 10-9a-801(3)(a) (LexisNexis 2007). Thus, "[a] final decision of a land use authority or an appeal authority is valid if the decision is supported by substantial evidence in the record and is not

---

3. Despite the Fullers' arguments that the burden should fall on Springville City to prove illegality of the use and the existence of ordinances restricting the use, Utah's statute governing nonconforming use explicitly states, "Unless the municipality establishes, by ordinance, a uniform presumption of legal existence for nonconforming uses, the property owner shall have the burden of establishing the legal existence of a noncomplying structure or nonconforming use." Utah Code Ann. § 10-9a-511(4)(a) (LexisNexis Supp. 2010). Springville City code section 11-3-207 also places the burden on the land owner:

> If a determination of the nonconforming status of a property is desired, the owner . . . shall submit a completed application for a Certificate of Nonconformity with the Community Development Department. In all cases, the property owner shall have the burden of proving by a preponderance of evidence that a building [or] . . . use . . . which does not conform to the Provisions of this Title, complied with the applicable ordinance requirements in effect at the time the current circumstances were originally created.

arbitrary, capricious, or illegal." *Id.* § 10-9a-801(3)(c); *see also Xanthos v. Board of Adjustment of Salt Lake City*, 685 P.2d 1032, 1034–35 (Utah 1984) (reviewing a board of adjustment decision as an administrative act and employing substantial-evidence standard). Substantial evidence is "that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." *Bradley v. Payson City Corp.*, 2003 UT 16, ¶ 15, 70 P.3d 47 (citation and internal quotation marks omitted).

¶18    Here, the Fullers have failed to show that the Board's decision was arbitrary, capricious, or illegal. The Board denied the Fullers' application for a nonconforming use because the Fullers failed to prove that their multifamily residence was ever legally established. On appeal, the Fullers point to no evidence in the record to demonstrate that their use of their residence as a multifamily apartment was ever legally established and, thus, that the Board's decision was arbitrary, capricious, or unsupported by substantial evidence. Even if we were to assume that the 1953 statute the Fullers rely on was applicable to the Board's determination here, the Fullers have failed to demonstrate any error in the Board's finding that their use of their property as a multifamily apartment was never "lawfully devoted." *See* Utah Code Ann. § 10-9-6 (Allen Smith Co. 1973). We therefore need not decide whether the Fullers were deprived of the "opportunity to present evidence as to the welfare of the public," because the Board's determination that their property was never "lawfully devoted" to a nonconforming use is fatal to the Fullers' claim. *See id.*

¶19    All of the other issues raised by the Fullers are inadequately briefed. "It is well established that Utah appellate courts will not consider claims that are inadequately briefed." *State v. Garner*, 2002 UT App 234, ¶ 8, 52 P.3d 467. "An adequately briefed argument must provide meaningful legal analysis." *West Jordan City v. Goodman*, 2006 UT 27, ¶ 29, 135 P.3d

874 (citation and internal quotation marks omitted). "A brief must go beyond providing conclusory statements and fully identify, analyze, and cite its legal arguments." *Id.* (citation and internal quotation marks omitted). Rule 24 of the Utah Rules of Appellate Procedure requires that a brief include "citation[s] to the record," Utah R. App. P. 24(a)(5)(A), and an argument that "contain[s] the contentions and reasons of the appellant . . . with citations to the authorities, statutes, and parts of the record relied on," *id.* R. 24(a)(9). "Rule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). If an appellant does not clearly identify and analyze the issues, we will not address them. We address only those issues that are properly identified, clearly preserved, and adequately supported.[4]

---

4. For example, the Fullers state in their brief,

> [W]ith respect to the basement apartment, enforcement of the annexation and subsequent zoning ordinances would be invalid and violative of the equal protection and due processes clauses of both the state and federal constitutions since it placed upon the property owners the unreasonable burden of furnishing detailed records which had been lost or destroyed by the County and/or the City.

The Fullers fail to cite any authority or provide any legal analysis to support their equal protection and due process claims. "There is no reasoned analysis or factual development supporting [their] legal claim[s,] . . . thus dump[ing] the burden of argument and research on this court." *See Spencer v. Pleasant View City*, 2003 UT App 379, ¶ 21, 80 P.3d 546 (third alteration in original) (citation and internal quotation marks omitted).

¶20    We acknowledge that the Fullers have pursued their appeal without counsel and are entitled to "every consideration that may reasonably be indulged." *Nelson v. Jacobsen*, 669 P.2d 1207, 1213 (Utah 1983) (citation and internal quotation marks omitted). However, as a general rule, "[parties] who [represent themselves] will be held to the same standard of knowledge and practice as any qualified member of the bar." *Allen v. Friel*, 2008 UT 56, ¶ 11, 194 P.3d 903 (citation and internal quotation marks omitted). Consequently, "[r]easonable considerations do not include . . . attempt[ing] to redress the ongoing consequences of the party's decision to function in a capacity for which he is not trained." *Id.* Here, the Fullers' brief simply provides too little information for this court to analyze any other issues they attempt to present for review.

¶21    Based on the record before us, we conclude that the Fullers have not demonstrated that the Board's decision was arbitrary, capricious, or illegal. Accordingly, we affirm the district court's grant of summary judgment and dismissal of the Fullers' claims.

———————