2018 UT App 127

## THE UTAH COURT OF APPEALS

LJ MASCARO INC., LELAND MASCARO, AND SHERI MASCARO,
Appellants,
*v.*
HERRIMAN CITY,
Appellee.

Opinion
No. 20160723-CA
Filed June 21, 2018

Third District Court, Salt Lake Department
The Honorable Ryan M. Harris
No. 140903070

Jeffrey T. Colemere and Brady T. Gibbs, Attorneys
for Appellants

J. Scott Brown and Bradley M. Strassberg, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and DIANA HAGEN concurred.

TOOMEY, Judge:

¶1 Leland Mascaro and Sheri Mascaro (collectively, the Mascaros) and LJ Mascaro Inc. appeal the district court's grant of summary judgment in favor of Herriman City, affirming Herriman City's denial of the Mascaros' request for nonconforming use status. We are asked to determine whether the district court correctly concluded that the Herriman Land Use Appeal Authority's (the Appeal Authority) decision to deny the Mascaros' request was not arbitrary and capricious or illegal. We conclude the Mascaros failed to provide substantial evidence to support a prior legal use of topsoil manufacturing and screening on their property (the Property), and therefore Herriman City's denial of their request was not arbitrary and

capricious or illegal. The district court did not err in granting summary judgment in favor of Herriman City. Accordingly, we affirm.

BACKGROUND

¶2 According to the Mascaros, they have owned the Property since 1979, when Leland's grandfather gave it to them as a wedding gift. In 2009, Herriman City annexed the Property, which previously had been within Salt Lake County's jurisdiction. Under the Herriman City Code, the Mascaros' use of the Property to perform topsoil manufacturing and screening was classified as a conditional use, not a permitted use.[1] In 2013, the Mascaros submitted a request to the Herriman Zoning Administrator, seeking a determination that a nonconforming use had been established on the Property. The Zoning Administrator denied the request, and the Mascaros appealed the denial to the Herriman City Planning Commission (the Commission).

¶3 The Commission held a hearing during which the Mascaros submitted documents and proffered testimony in an attempt to support their claim that they had been granted

---

1. A permitted land use, or conforming use, is one that conforms with the zoning ordinances and classifications of a particular municipality or district. *Cf. Conforming Use*, Black's Law Dictionary (10th ed. 2014). A conditional use is one that does not conform with the zoning ordinances and classifications of a particular municipality or district but may be permitted "subject to special controls and conditions." *See Conditional Use*, Black's Law Dictionary (10th ed. 2014); *see also* Utah Code Ann. § 10-9a-103(5) (LexisNexis Supp. 2017). And a nonconforming use is one "that is impermissible under current zoning restrictions but that is allowed because the use existed lawfully before the restrictions took effect." *Nonconforming Use*, Black's Law Dictionary (10th ed. 2014).

authorization for and established their use of the Property for topsoil manufacturing and screening. The Mascaros explained that their family has used the Property for topsoil manufacturing and screening since the early to mid-1950s, and that they continued this activity when they obtained ownership of the Property. They asserted that the Property was located in Salt Lake County and the county did not zone the Property until 1958. Then, in 1978, Riverton City attempted to annex a portion of Salt Lake County, including the Property. The Mascaros informed the Commission that, while the Property was within Riverton City's jurisdiction, topsoil manufacturing and screening was a permitted use because the city had not enacted zoning ordinances until sometime after 1981. But in 1981, a district court declared Riverton City's annexation "null and void and of no effect."

¶4 According to the Mascaros, while the annexation was being challenged, they sought a separate permit from Riverton City for a new nonconforming building on the Property. They informed the Commission that Riverton City stated it could not grant the permit because the annexation was being challenged. For the same reasons, Salt Lake County did not grant the permit and the Mascaros built the building without permission.

¶5 The Mascaros also provided the Commission a business license application asserting that LJ Mascaro Inc. began operating in 1988. In this application, the Mascaros sought a business license for "trucking, sand, and gravel" operations, but it was instead approved for "phone and mail" use based on the zoning ordinance governing the Property. They also provided several business licenses from the 1990s and 2000s for "Trucking & Courier Services." These licenses authorized a Standard Industrial Classification designation of "421," which included a variety of land use operations, but topsoil manufacturing and screening were not listed among the authorized operations.

¶6 The Mascaros also provided documents to the Commission showing that, in 1992, residents near the Property filed complaints with Salt Lake County, expressing their

opinions that the Mascaros' business, LJ Mascaro Inc., was a "public nuisance" because "soil, gravel, and other materials" were being transported "across [the] private lane" in the community. Salt Lake County investigated the business, but it decided not to bring legal action "concerning [the Mascaros'] gravel operation . . . [because] it [did] not appear legal action would be successful."

¶7      In 1999, when the Salt Lake County Board of Adjustments met to consider the Mascaros' request to expand their nonconforming building "to store and maintain equipment," one member commented, "You are in a residential area and run a business from your home. The current zoning makes you nonconforming. . . . Have you considered moving your business to a more appropriate place for trucking?" The Mascaros asserted that this comment and the approval to expand the nonconforming building established that, at least as of 1999, Salt Lake County recognized that they had established topsoil manufacturing and screening as a legal use of the Property.

¶8      As further support for their request for nonconforming use status, the Mascaros provided a letter delivered to them in 2012 from a Salt Lake County councilmember that said that beginning "in 1992 or before, and continually thereafter, LJ Mascaro Trucking has been treated as a non-conforming use, as that has been your presumed status." The councilmember explained that the county had only a twenty-year record retention schedule and that because it was "likely" the county "granted" a nonconforming use to the Mascaros prior to 1992, any record of it "may have been disposed." The councilmember concluded the letter by stating that he "sincerely hope[d] that Herriman takes into consideration our account of your non-conforming use status . . . considering LJ Mascaro Trucking has been granted business licenses by Salt Lake County for over 30 years. Had there been unresolved zoning violations, it would be unlikely that [the] business license would be renewed."

¶9      Due to the large volume of documentation submitted by the Mascaros as well as the testimony proffered, the Commission

delayed making a decision until after it had an opportunity to thoroughly review the record. The following month, the Commission issued its decision in an order, concluding that the Mascaros failed to meet their burden of proving that their topsoil manufacturing and screening operations legally existed prior to Herriman City's annexation of the Property. The Commission found that although the Mascaros had established a topsoil manufacturing and screening business on the Property at some time before Herriman City annexed the Property, the Mascaros were unable to provide any documents to support that this business had been legally established under Salt Lake County's jurisdiction. In addition, it found that because a court determined that Riverton City's annexation of the Property was null and void and of no effect, the Property "was never legally included in Riverton City and remained in Salt Lake County." The Commission concluded that, as a result, the Mascaros could not rely on Riverton City's lack of zoning ordinances between 1978 and 1981. The Commission therefore upheld the Zoning Administrator's denial of their request for nonconforming use status.

¶10    The Mascaros appealed the Commission's decision to the the Appeal Authority, which held a hearing and reviewed the record. The Appeal Authority reviewed the Commission's decision to determine whether it was arbitrary and capricious or illegal.[2] It concluded that, although the record contained facts

---

2. The Utah Code provides that a land use appeal authority must determine whether the land use authority correctly interpreted and applied "the plain meaning of the land use regulations" and whether it "interpret[ed] and appl[ied] a land use regulation to favor a land use application unless the [relevant] land use regulation plainly restrict[ed] the land use application." Utah Code Ann. § 10-9a-707(4) (LexisNexis Supp. 2017). To complete its review of factual matters, the land use appeal authority must determine whether the record included "substantial evidence for each essential finding of fact." *Id.* § 10-9a-707(3).

that *could* support a nonconforming use, they were nonetheless sufficient to support the Commission's factual findings that topsoil manufacturing and screening was not a permitted use while the Property was within Salt Lake County's jurisdiction. The Appeal Authority stated that the "troubling aspect" of the appeal was the effect of the nullified Riverton City annexation. It explained that the Mascaros "presented unrefuted evidence that Riverton City did not adopt any zoning regulation or zoning map for the [Property] when it was purportedly annexed," and if the Property "was a part of Riverton City during this period of time[,] it would be possible to conclude as a matter of law the . . . use was legally established." But because the Mascaros did not provide any "legal authority regarding the regulatory status of property [that] is the subject of a challenged annexation," the Appeal Authority relied on the court's order that the annexation was null and void and of no effect and concluded that the Commission's decision was therefore not illegal.

¶11 The Mascaros sought judicial review from the district court of the Appeal Authority's decision, asking it to determine whether the denial was arbitrary and capricious or illegal. The parties filed cross-motions for summary judgment and the district court heard argument on them. The Mascaros argued that the Appeal Authority wrongfully denied their application for nonconforming use, because the use was legally established (1) as early as the 1950s; (2) during the period when Riverton City annexed the Property; and (3) by virtue of a special application granted by Salt Lake County in 1999 for the expansion of their nonconforming building.

¶12 Herriman City argued that the Appeal Authority's decision was not arbitrary and capricious or illegal, because the Mascaros failed to provide any documentary evidence to support the legal use of the Property for topsoil manufacturing and screening. Herriman City pointed to the Mascaros' concession that they did not have any documents "either conclusively proving or conclusively disproving" a prior legal use. It further argued that they could not rely on Riverton City's

annexation to establish a prior legal use because a court ruled that the annexation had no legal effect.

¶13　The district court granted summary judgment for Herriman City. Addressing the Mascaros' three arguments that their application for nonconforming use was wrongfully denied, the court found: (1) the Mascaros conceded at oral argument that they had no definitive proof that topsoil manufacturing and screening complied with Salt Lake County zoning ordinances in the 1950s; (2) the Mascaros failed to prove that they relied on the Riverton City annexation in any manner that might constitute an exception to the null and void annexation; and (3) the 1999 special application "on its face, had nothing to do with topsoil operations." The court concluded that the Appeal Authority did not act arbitrarily and capriciously or illegally when it denied the Mascaros' request.

¶14　The Mascaros appeal.


ISSUE AND STANDARD OF REVIEW

¶15　The Mascaros contend the district court erred in granting Herriman City's motion for summary judgment and affirming the Appeal Authority's decision to uphold the denial of their request for nonconforming use status. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). We review a district court's legal conclusions in granting summary judgment for correctness. *Davis County Solid Waste Mgmt. v. City of Bountiful*, 2002 UT 60, ¶ 9, 52 P.3d 1174.

¶16　Because this case "involves a challenge to a land use authority's decision to deny an application for nonconforming use," "we review the district court's judgment as if we were reviewing the land use authority's decision directly and we afford no deference to the district court's decision." *Fuller v. Springville City*, 2015 UT App 177, ¶ 11, 355 P.3d 1063 (quotation

simplified). In other words, "in [an] appeal of an administrative order, we review the [district] court's decision" for whether it "correctly determined whether the administrative decision was arbitrary [and] capricious[] or illegal." *McElhaney v. City of Moab*, 2017 UT 65, ¶ 26. We will not disturb the decision of a land use authority or an appeal authority unless the decision is arbitrary and capricious or illegal. Utah Code Ann. § 10-9a-801(3)(b)–(c)(i) (LexisNexis Supp. 2017).

## ANALYSIS

### I. Nonconforming Use

¶17    Utah Code section 10-9a-103 defines "nonconforming use" as a use of land that "(a) legally existed before its current land use designation; (b) has been maintained continuously since the time the land use ordinance governing the land changed; and (c) because of one or more subsequent land use ordinance changes, does not conform to the regulations that now govern the use of the land." Utah Code Ann. § 10-9a-103(37) (LexisNexis Supp. 2017).[3] It is undisputed that the Mascaros have continuously used the Property for topsoil manufacturing and screening and that this use does not conform with Herriman City zoning regulations. We therefore must determine whether the district court correctly determined that the Appeal Authority did not act arbitrarily and capriciously or illegally when it denied their request for nonconforming use status based on the

---

3. "[B]ecause zoning ordinances are in derogation of a property owner's common-law right to unrestricted use of his or her property, provisions therein restricting property uses should be strictly construed, and provisions permitting property uses should be liberally construed in favor of the property owner." *Patterson v. Utah County Board of Adjustment*, 893 P.2d 602, 606 (Utah Ct. App. 1995).

Mascaros' failure to establish that their use of the Property legally existed prior to Herriman City's annexation.

¶18   The Mascaros contend that the Appeal Authority's decision was arbitrary and capricious because it was based on the Commission's findings of fact, which "ignored substantial record facts." They further contend the decision was illegal, because they had established that the use was lawful while it was under the jurisdiction of Riverton City and of Salt Lake County. We address each contention in turn.

A.    The Decision to Deny the Nonconforming Use Status Was
      Not Arbitrary and Capricious.

¶19   First, the Mascaros argue that the decision to deny their request was arbitrary and capricious because it went against "substantial record facts." We disagree.

¶20   The Utah Code provides that unless it is arbitrary and capricious or illegal, the decision of a land use authority or an appeal authority shall be presumed valid and shall be upheld. Utah Code Ann. § 10-9a-801(3)(b). A decision is arbitrary and capricious when it is not supported by substantial evidence in the record. *Id.* § 10-9a-801(c)(i). To determine whether substantial evidence supports the Appeal Authority's decision, we consider all of the evidence in the record but do not "weigh the evidence anew or substitute our judgment for that of the municipality." *Springville Citizens for a Better Cmty. v. City of Springville*, 1999 UT 25, ¶ 24, 979 P.2d 332. We will not disturb the Appeal Authority's decision so long as "a reasonable mind could reach the same conclusion." *Id.*

¶21   The Mascaros take issue with a number of the Commission's findings of fact, arguing that they do not take into consideration all of the evidence presented to it.[4] We need not

4. Herriman City argues that the Mascaros failed to properly preserve their challenges to the Commission's factual findings

(continued…)

address each of the findings the Mascaros take issue with, because their arguments boil down to asking us to reweigh the evidence presented.[5] For example, the Commission found that they never applied for or received official permits or licensing from Salt Lake County to engage in topsoil manufacturing and screening. They now argue, "While there was no documentary evidence of an actual application for conditional or permitted use for soil manufacturing on the Property, such applications or permits were unnecessary [and the] Commission[] . . . ignore[d] substantial and relevant evidence demonstrating that [the] Mascaros were awarded non-conforming status for topsoil manufacturing." The Mascaros do not cite any legal authority or identify anything in the record to support their assertion that "such applications or permits were unnecessary." And although the Mascaros were able to point to some additional evidence not included in the Commission's findings that they had engaged in topsoil manufacturing and screening, they have not pointed to any evidence that this activity was a legal use of the Property.

---

(…continued)

because they did not raise the issues before the Appeal Authority. *See Rosen v. Saratoga Springs City*, 2012 UT App 291, ¶ 31, 288 P.3d 606 (explaining that, to preserve an issue, it must be presented to the agency in such a way that it "could have been resolved in the administrative setting" (quotation simplified)). Herriman City asserts that only two of the findings "were even mentioned" at the hearing before the Appeal Authority. We disagree. Our review of the transcript of the Appeal Authority's hearing shows that the Mascaros raised the factual findings they challenge on appeal point by point. We therefore address the merits of the Mascaros' challenges to the factual findings.

5. We note that the Mascaros submitted to the Commission for its review more than 3,250 pages of documents that they concede neither "conclusively prov[ed] [nor] conclusively disprov[ed]" a prior legal use.

¶22    At best, the Mascaros point to minutes from a meeting before Herriman City, discussing their request for a "conditional use" of topsoil manufacturing and screening, during which Herriman City acknowledged that Salt Lake County approved one of the Mascaros' applications. The meeting minutes state that Salt Lake County gave LJ Mascaro Inc. an approval for "phone and mail" business operations from the Mascaros' house, and that, "[o]ver time," the Mascaros began using the Property "to store soil and trucks, which violated the terms of the [original approval]." The minutes continue that the Mascaros later applied for nonconforming use status under a county provision that "allowed illegal uses to be deemed 'nonconforming' if they had been in existence with no history of complaint" and that Salt Lake County eventually approved that application. But Herriman City's minutes further state that, even after the approved nonconforming use status, the Mascaros "continued to expand and operate outside of their conditions of approval," which meant that "they were not in compliance" when Herriman City annexed the Property.

¶23    Although these minutes show that Herriman City acknowledged that Salt Lake County might have approved a nonconforming use, the Mascaros have failed to provide the application or any documentation from the county that shows which nonconforming use, if any, was "granted." Although it could have been granted for "stor[ing] soil and trucks," it could also have been for anything other than "phone and mail" services. In addition, the Mascaros have not explained how storing soil is equivalent to topsoil manufacturing and screening and they have failed to provide any supporting documents that would have clarified the ambiguity in the Herriman City meeting minutes. Because we give deference to the Appeal Authority's decision, we cannot say that it acted arbitrarily and capriciously when it did not give substantial weight to the Herriman City meeting minutes.

¶24    The Mascaros have repeatedly conceded that they were unable to provide evidence—other than through their own

testimony—that Salt Lake County granted them nonconforming use status for the purpose of topsoil manufacturing and screening. They admit on appeal that the Salt Lake County councilmember's letter, which stated that the county had "likely . . . granted" a nonconforming use status, did "not precisely identif[y]" the "nature of the [nonconforming] use." When the district court asked if they could "nail down when [the Mascaros] started [the] topsoil operation and when the zoning ordinances went into effect," their counsel responded, "I cannot do [that] with definition today, and it's not for lack of trying." And before the Commission, the Mascaros conceded that they did not have any evidence "either conclusively proving or conclusively disproving" a prior legal use. These concessions, among many others throughout the record, support the district court's determination that the Appeal Authority's decision was not arbitrary and capricious.

¶25   We agree with the Commission's finding that the Mascaros "provided no evidence that they had received any land use approval[] or business license permit for a soil manufacturing and screening operation on the property from any of the respective jurisdictions." We conclude that substantial evidence in the record supported the Commission's conclusion that the nonconforming use was not legally established prior to Herriman City's annexation of the Property. The Appeal Authority's decision to uphold the denial of the nonconforming use status was therefore not arbitrary and capricious, and the district court correctly reached this conclusion.

B.     The Decision to Deny the Nonconforming Use Status Was Not Illegal.

¶26   The Mascaros contend the Appeal Authority's "strict application" of a court order rendering the Riverton City annexation "null and void and of no effect" was illegal because they relied on the annexation to conduct their topsoil manufacturing and screening operation. They further contend that the Appeal Authority's determination that the use was not

legally established when under Salt Lake County's jurisdiction was illegal. A decision is illegal if it is "based on an incorrect interpretation of a land use regulation" or "contrary to law." Utah Code Ann. § 10-9a-801(c)(ii) (LexisNexis Supp. 2017).

¶27     To begin with, Herriman City argues that the Mascaros failed to preserve the argument that they relied on Riverton City's annexation and we therefore should not address the merits of this argument. We agree. To preserve an issue for appeal, the issue must have been presented in such a way that a lower tribunal had the opportunity to rule on it. *Rosen v. Saratoga Springs City*, 2012 UT App 291, ¶ 31, 288 P.3d 606. "The preservation rule applies in agency appeals when the issue raised on appeal could have been resolved in the administrative setting." *Id.* (quotation simplified). Here, the Mascaros stated in the hearing before the Appeal Authority that the Property was under the jurisdiction of Riverton City between 1978–1981; that the city was providing services to the Property; and "for all intents and purposes, as . . . normal citizen[s], we were in Riverton City." But, as articulated by the Appeal Authority in its order, the Mascaros did not provide any "legal authority regarding the regulatory status of property which is the subject of a challenged annexation." The Mascaros therefore failed to provide the Appeal Authority the opportunity to resolve whether an exception applied to a court's determination that a city's annexation is null and void and of no effect. *See id.*

¶28     The Mascaros also argue that their topsoil manufacturing and screening use was legally established while under Salt Lake County's jurisdiction and that therefore the Appeal Authority's decision was illegal. But, as discussed above, they have failed to point us to anything in the record that would support their assertion that Salt Lake County approved this particular use of the Property at any point or that the Property was used for such purposes prior to the county promulgating zoning ordinances. *See supra* ¶¶ 21–25. Again, the Mascaros state that the county's grant of nonconforming use status "is also bolstered by Salt Lake County's issuance of various *building* permits, business permits,

the 1999 special exception to expand a nonconforming *building* on [the Property], and [the Property] tax notices." (Emphases added.) But, as with the business licenses, the building permits did not include information regarding topsoil manufacturing or screening. And the business applications were for trucking and courier services or "mail and phone" services. The Mascaros also fail to identify any improper interpretation or misapplication of the law by the Commission or the Appeal Authority. *See* Utah Code Ann. § 10-9a-801(c)(ii).

¶29 We therefore conclude that the district court correctly determined that the Appeal Authority's decision was not illegal. The Mascaros failed to prove that their use of the Property for topsoil manufacturing and screening was legally established under either Riverton City or Salt Lake County jurisdiction and the Appeal Authority properly upheld the Commission's denial of the request for nonconforming use status.

CONCLUSION

¶30 We conclude that the Appeal Authority did not act arbitrarily and capriciously when it upheld the Commission's denial of the Mascaros' request for nonconforming use status for topsoil manufacturing and screening, because the Mascaros failed to provide substantial evidence to support that this was a prior legal use of the Property. Similarly, we conclude the Appeal Authority's decision was not illegal. The Mascaros failed to show that the use was legally established when the Property was under Salt Lake County's jurisdiction or that an exception applied to a district court's determination that Riverton City's annexation was null and void and of no effect. We therefore affirm the district court's grant of summary judgment in favor of Herriman City.

_____